1   LARSON & ZIRZOW, LLC
    ZACHARIAH LARSON, ESQ.
2   Nevada Bar No. 7787
    E-mail: zlarson@lzlawnv.com
3   MATTHEW C. ZIRZOW, ESQ.
    Nevada Bar No. 7222
4   E-mail: mzirzow@lzlawnv.com
    810 S. Casino Center Blvd. #101
5   Las Vegas, Nevada 89101
    Telephone:  (702) 382-1170
6   Fascimile:  (702) 382-1169
7
8   Proposed Attorneys for Debtor

9
                **UNITED STATES BANKRUPTCY COURT**
10                    **DISTRICT OF NEVADA**

11  In re:                                  Case No.: BK-S-15-14956-abl
                                            Chapter 11
12
    MARC JOHN RANDAZZA
13
                                            Date: October 21, 2015
14          Debtor.                         Time: 1:30 p.m.
                                            Courtroom  1
15
    **DECLARATION OF ZACHARIAH LARSON, ESQ. IN SUPPORT OF DEBTOR'S**
16  **APPLICATION TO EMPLOY AND RETAIN LARSON & ZIRZOW, LLC AS**
    **ATTORNEYS FOR THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE**
17

18          Zachariah Larson, Esq., makes this declaration under 28 U.S.C. § 1746, and states:

19          1.      I am over the age of 18 and mentally competent.  I have personal knowledge of

20  the facts in this matter and if called upon to testify, could and would do so consistent herewith.  I

21  make this declaration in support of the *Application to Employ and Retain Larson & Zirzow, LLC*

22  *as Attorneys for the Debtor Nunc Pro Tunc to the Petition Date* (the "Application") filed by

23  MARC JOHN RANDAZZA (the "Debtor").  Unless otherwise indicated, all capitalized terms

24  herein shall have the same meaning as set forth in the Application.

25          2.      I am an attorney licensed to practice law in the State of Nevada, Nevada Bar No.

26  7787.  I am a shareholder with the law firm of Larson & Zirzow, LLC ("L&Z").  L&Z maintains

27  offices at 810 S. Casino Center Blvd., #101, Las Vegas, Nevada 89101.  I am admitted to

28  practice law before this Court.

*Vertical left margin:* LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3.      On August 28, 2015 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case (the "Chapter 11 Case").[1]  The Debtor continues to operate as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Relief Requested

4.      The Debtor seeks court approval pursuant to section 327(a) of the Bankruptcy Code to employ and retain L&Z *nunc pro tunc* to the Petition Date as his attorneys in connection with the commencement and prosecution of his Chapter 11 Case.  The Debtor requests that the Court approve the retention and compensation of L&Z as his attorneys to perform the legal services that will be necessary during his Chapter 11 Case in accordance with L&Z's normal hourly rates in effect when the services are rendered and normal reimbursement policies.

### Background

5.      Debtor is an individual who works as an Attorney.  Additional information regarding the Debtor's business is contained in the *Declaration of Marc John Randazza in Support of Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance Has Been Provided to the Utility Companies* [ECF No.   ].

### Retention

6.      As of June 11, 2015 and June 17, 2015, L&Z entered into Legal Representation Agreement (the "Representation Agreement") with Debtor.  A true and correct copy of the Representation Agreement is attached hereto as **Exhibit 1, 2, & 3**.  The Representation Agreement provides L&Z's current hourly rates and current charges for certain expenses.

7.      Initially, L&Z was retained for pre-bankruptcy settlement negotiations and to attend a settlement conference.  **See Exhibit 1.**  The Debtor paid L&Z a flat fee of $10,000.00 for this engagement.

---

[1] All references to "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8.      Shortly after being retained for pre-bankruptcy settlement negotiations, Debtor and L&Z discussed representation in a potential bankruptcy case and in potential adversary proceedings.  Debtor and L&Z entered into two additional engagement agreements.  The first was for preparation and filing of voluntary bankruptcy petition for relief as debtor and debtor in possession in a bankruptcy case commenced under chapter 11 of title 11 of the United States Code and other services as described in **Exhibit 2**.   The second was for potential nondischargeability litigation as described in **Exhibit 3**.

9.      The Debtor has been advised that Zachariah Larson and Matthew C. Zirzow, members of L&Z, will be employed in this Chapter 11 Case and are members in good standing of the State Bar of Nevada and the United States District Court for the District of Nevada.

10.      The Debtor selected L&Z as his attorney because of the firm's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code.  The attorneys employed by L&Z are duly admitted to practice before this Court.  Zachariah Larson, Esq. and Matthew C. Zirzow, Esq. are both "AV" rated by Martindale Hubbell for their professional abilities and ethical standards, and Matthew C. Zirzow, Esq. is Board Certified in Business Bankruptcy Law by the American Board of Certification.  Moreover, both attorneys have practiced bankruptcy for more than fourteen (14) years.  Accordingly, L&Z has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtor's Chapter 11 Case.  In sum, L&Z is well qualified to represent the Debtor in his Chapter 11 Case in an efficient and timely manner.

## Scope of Services

11.      The services of L&Z are appropriate and necessary to enable the Debtor to execute his duties as the debtor in possession faithfully and to implement the restructuring and reorganization of the Debtor.  This Application proposed that L&Z be employed to render the following professional services:

a.      prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3

b. to take all necessary or appropriate actions in connection with a plan of reorganization and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

c. take all necessary actions to protect and preserve the estate of the Debtor including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate; and

d. perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

12.     It is necessary for the Debtor to employ attorneys to perform the foregoing professional services.  Subject to this Court's approval of the Application, L&Z is willing to serve as the Debtor's general bankruptcy counsel to perform the services described.

### Disinterestedness

13.     Prior to commencing representation of the Debtor herein prepetition, the Debtor disclosed to L&Z his creditors and any other party in interest, or his respective attorneys and accountants to determine any prior or present representation of any creditors or parties in interest.  From such initial review, up to and including the preparation of this Application, L&Z has continued to review the information provided by the Debtor to determine any previous or present representations of creditors or parties in interest.  L&Z will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, L&Z will supplement its disclosure to the Court.

14.     L&Z is a "disinterested person" pursuant to sections 327(a) and 101(14) of the Bankruptcy Code because it is not a creditor, or insider of the Debtor; L&Z is not and was not within two years before the Petition Date affiliated with the Debtor; and L&Z does not have an interest materially adverse to the interests of the estate or, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

15.     Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

**LARSON & ZIRZOW, LLC**
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

"Bankruptcy Rules"), except for the source of the retainer of fees and costs as described hereinafter, L&Z does not have any connections with the Debtor, his creditors, any other party in interest, his respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.  Further, L&Z's representation of Debtor will not be adverse to the Debtor's estate.

## **Compensation**

16.     Prior to the Petition Date, L&Z received a retainer in the total sum of $94,000.00[2] for legal services in connection with his Chapter 11 Case as described in the attached Representation Agreements.  Of this sum, L&Z billed and was paid the sum of $26,908.82 prior to the Petition Date, and L&Z currently holds in trust the remainder sum of $67,091.18 (the "Remaining Retainer") a portion of which has been allocated pursuant to the Representation Agreements for potential adversary proceedings.

17.     As set forth in the Representation Agreement, the compensation of L&Z's attorneys and paraprofessionals are proposed at varying hourly rates as follows: Paraprofessionals at $175.00 per hour, and Attorneys at $450.00 per hour.  The foregoing are L&Z's current customary hourly rates, and L&Z respectfully submits that such rates are reasonable.  L&Z will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client.

18.     The Debtor understands that L&Z hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and the Guidelines for Professional

---

[2]   As noted herein, $10,000.00 of this retainer was a flat fee for settlement negotiations prior to the bankruptcy proceeding.  $24,000.00 of the Remaining Retainer is being held in the L&Z's trust account for a potential adversary case.  Should that adversary proceeding not be filed, the Client agrees and consents to have the $24,000.00 applied to fees incurred and approved by the Court in the chapter 11 case.

1   Compensation established by the Office of the United States Trustee, and further orders of this

2   Court, for all services performed and expenses incurred after the Petition Date.  It is further

3   contemplated that L&Z may seek interim compensation during this case as permitted by section

4   331 of the Bankruptcy Code and Bankruptcy Rule 2016.  L&Z understands that its compensation

5   is subject to prior Court approval.

6           I declare under penalty of perjury of the laws of the United States that these facts are true

7   to the best of my knowledge and belief.

8           DATED:  September _22_, 2015.

9

10                                          /s/ Zachariah Larson
                                            Zachariah Larson, Esq.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & ZIRZOW, LLC**
**810 S. Casino Center Blvd. #101**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170  Fax: (702) 382-1169**

# EXHIBIT "1"

# EXHIBIT "1"

### LARSON & ZIRZOW—ATTORNEY FEE AGREEMENT
### (FLAT FEE)

CLIENT: Marc Randazza                    RE: Settlement Negotiations                    FILE NO.: **3281.001**

1.  **FEES**. Client employs Larson & Zirzow, LLC ("LZ") to represent it on the above matter and such other business matters as it may request. Client agrees to pay a flat fee of $____ which shall be earned upon receipt. This flat fee shall be paid immediately upon execution of this agreement and shall be for the following services only ("Scope of Work"):

| | |
|---|---|
| To Represent Client in Settlement Negotiations and Attend Settlement Conference | $ 10,000.00 |
| **TOTAL:** | $ 10,000.00 |

The Scope of Work is specifically limited to the services set forth herein. Should any additional services be contemplated, the Client hereby acknowledges that an additional engagement agreement is necessary.

2.  **COSTS**. Client understands and agrees that costs and expenses are not included in the above-mentioned fees, and include, but are not limited to, filing and recording fees, deposition costs, witness fees, long distance telephone charges, telefax and mail charges, copy charges, etc. Client agrees to pay all such costs and expenses promptly as they become due and shall be billed monthly invoices for any costs.

3.  **INTEREST**. All invoices are due when billed. In the event that Client fails to pay the obligations to LZ within thirty (30) days, Client agrees to pay interest at a rate of one and one-half percent (1 ½%) per month on past due costs.

4.  **DEFAULT**. In the event Client is delinquent in payments due LZ, LZ will have the option to cease all further work on behalf of Client. LZ may institute collection efforts. In the event LZ recovers funds for Client, Client grants LZ a lien on such funds to the extent of any fees and costs due LZ.

5.  **TIMELY DISPUTE RESOLUTION**. Client has a right to question the amount of monthly invoices. However, in order for LZ to address issues raised by Client, timely notification is necessary. Therefore, Client agrees that Client will inspect each monthly invoice promptly and, if concerned, notify LZ in writing within thirty (30) days. Failure to notify within thirty (30) days of the date of an invoice will be deemed an acceptance of said invoice and a waiver of any objections thereto.

6.  **RESULTS**. Client understands that LZ has not and cannot guarantee results.

7.  **CLIENT COOPERATION**. Client agrees to cooperate with LZ, including providing any documents and information requested. LZ agrees to keep Client apprised of significant developments, and to advise Client of any significant decisions or settlement offers relating to the matter. In addition, Client acknowledges that Client will review all documents submitted to Client for that purpose, will read all documents to be signed and will make inquiries of Attorney if there are any provisions Client does not understand. Pursuant to the Nevada Rules of Professional Responsibility, LZ retains the discretion to agree to such matters as extensions of time and continuance of hearing dates. The decision as to when and whether to proffer or accept settlement offers rests with the Client. It is solely the responsibility of the Client to determine whether and to what extent Client is authorized by its investors or others with regard to any instructions given by Client to LZ, and LZ is authorized to treat all directions from Client as fully authorized by appropriate means.

8.  **SETTLEMENT**. LZ will not agree to any settlement without Client's consent.

9.  **GUARANTY**. The individual signing this Agreement on behalf of Client personally guarantees payment of all fees and costs to LZ.

10. **TERMINATION**. Either party may terminate this Agreement by giving written notice to the other. In the event fees or costs are owing to LZ upon termination, Client agrees to pay LZ such fees upon termination and further agrees that LZ will have a lien on any and all claims or causes of action on which LZ was working; on all funds or property which has been or is later recovered; and on all files and work papers produced by LZ.

11. __THE FILE__.  As a matter of course, Client will be provided with copies of all important pleadings, documents and letters. In the event Client demands LZ's original file, Client agrees to pay for copies of all documents LZ wishes to retain.  In the event that Client's account is delinquent, Client agrees to cure such delinquency before LZ provides Client with a copy of the entire file.  Due to the proprietary nature of stored electronic documents, LZ will be under no obligation to provide electronic copies.  Client understands that after all work is completed, LZ reserves the right to destroy the file after a reasonable period of time.

12. __AWARD OF FEES__.  The above agreement regarding fees shall not be altered in the event an opponent pays or a court awards a portion of the fees due LZ.  Any such award will first go to LZ to pay any balance that may be due, and the remainder will be paid to Client.

13. __MISCELLANEOUS__.  No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party.  This Agreement is executed and intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect.  The parties agree that Nevada is the appropriate forum for any action relating to this Agreement.  Should LZ be forced to retain counsel (either separate from or with Larson & Zirzow) Client agrees to pay the cost and expenses associated with such collection efforts at the standard hourly rate.

14. __COUNTERPARTS__.  This Agreement may be signed in counterparts or by facsimile.

DATED this __11__ day of __June__, 20__15__.

LARSON & ZIRZOW, LLC:                          CLIENT: Marc Randazza

By: _____                    By: _____

EXHIBIT "2"

EXHIBIT "2"

## LEGAL REPRESENTATION AGREEMENT

This Legal Representation Agreement (the "Agreement") is made as of June 17, 2015 by and among MARC RANDAZZA (the "Client"), whose address is 10955 Iris Canyon Drive, Las Vegas, Nevada 89135; and LARSON & ZIRZOW, LLC, whose address is 810 South Casino Center Blvd., #101, Las Vegas, Nevada 89101 (the "Counsel").

I.    SCOPE OF ENGAGEMENT

Subject to Client's payment of a $60,000 retainer, Client has engaged Counsel to commence or continue the legal representation (the "Representation") of Client regarding preparation and filing of voluntary bankruptcy petition for relief as debtor and debtor in possession in a bankruptcy case commenced under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Client may also engage Counsel to represent Client in different or additional matters.

Counsel will attempt to communicate expeditiously with Client as to significant developments, will communicate all settlement offers promptly to Client, and will compromise or settle Client's claims only with Client's consent. It is expressly understood that the timetable for bankruptcy, litigation, or approval is within the sole discretion and control of the appropriate court or responsible agency. Client expressly acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client in the Representation, and to keep Counsel informed of Client's current telephone number and mailing address.

II. LEGAL FEES AND EXPENSES

Counsel shall bill Client on a monthly basis, and Counsel's bills shall include a description of work performed, the hours expended, the expenses incurred, and the amount due. Client understands and agrees that Counsel shall be entitled to apply any funds on hand to pay any and all outstanding amounts owed prior to the filing of the bankruptcy cases to all pre-petition fees and costs that may reasonably be incurred, including filing fees for the bankruptcy case. Subject to the Bankruptcy Code in the event of the commencement of a bankruptcy case, Client agrees to pay in full the amount of each bill within twenty (20) days of the billing date. If Client has any questions or objections concerning a bill, Client shall raise them promptly for discussion. Such questions or objections shall be timely only if made within twenty (20) days of the billing date. Any outstanding balances not paid when due as agreed above will accrue an interest charge of eight percent (8%) per annum, compounded monthly, from the due date until paid in full.

At the conclusion of representation, any remaining retainer balance shall be promptly refunded to Client, after payment of Counsel's final invoice. Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "A" to this Agreement. Counsel's rate schedule is subject to reconsideration semi-annually, and any changes in it will be applicable to Client once Counsel has informed Client of them, directly or by invoice. In addition, any legal fee award or costs award a court may make to Client as a prevailing party in any lawsuit Counsel may prosecute on Client's behalf is merely that court's determination of the appropriate damages to be

1

assessed against the opposing party. It is not any measure of the actual legal fees and costs that Counsel may charge Client for services rendered. Client and Counsel acknowledge that in the event Counsel is retained under this Agreement as legal counsel for a debtor-in-possession under the Bankruptcy Code, the award of legal fees is subject to award and review by the United States Bankruptcy Court.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees to reimburse Counsel for all out-of-pocket expenses paid by Counsel. Client understands that under most circumstances, Client will be required to advance these expenses to Counsel or, if Client is billed directly for this expense, Client shall make prompt, direct payments to the originators of the bills. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application fees, investigative costs, computerized research, witnesses, long-distance telephone calls, title insurance premiums, copying materials, overtime clerical assistance, travel expenses, sending facsimile communications, postage and notarial attestations. Such costs are charged at a rate representing reasonable charges in the community for such services, and may include administrative, clerical or overhead expenses as an element of the per unit charges. Client authorizes Counsel to retain and Client agrees to pay the charges of every other person or entity hired by Counsel to perform necessary services related to the Representation. Such other persons and entities may include, but are not limited to, court reporters, appraisers, real estate agents, escrow agents, accountants, investigators, expert witnesses, trust officers, stockbrokers, title examiners, surveyors, patent draft persons, and other attorneys hired for ancillary matters in other localities.

Except (i) in the event of any litigation or proceedings commenced by any third party against a party in which another party hereto is an indispensable party or potential third party defendant; (ii) a dispute as to which exclusive jurisdiction is vested in a particular court by applicable law or as otherwise expressly provided herein; or (iii) as otherwise provided in this Agreement, any dispute, controversy or claim relating to the enforcement or interpretation of Client's obligations under this Agreement shall be resolved by litigation commenced in the State of Nevada, Clark County.

Notwithstanding the foregoing, this provision is not intended to and shall not be interpreted as a limitation of any rights Client has or may have to pursue claims against Counsel outside the context of the litigation described herein, including, but not limited to, any claims relating to malpractice liability, or to submit Client's fee dispute to any State Bar of Nevada fee dispute resolution program then in effect.

III. INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to provide Client with all written materials sent or received by Counsel pertaining to these matters so long as all fees due to Counsel have been promptly paid by Client. Copies of all such materials will be provided at Client's expense. All of Counsel's work product will be owned by Counsel.

## IV. CONFLICTING ENGAGEMENT

Counsel agrees not to accept, without prior approval from Client, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions.

## V. TERMINATION OF REPRESENTATION

The Representation established by this Agreement is subject to termination only as follows:

A.    Counsel reserves the right to terminate the Representation (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to pay Counsel promptly for all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B.    Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to pay Counsel promptly for all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination. If Counsel is required to consult with a successor attorney following termination, Client agrees to deposit a retainer with Counsel to cover the cost of such services.

C.    Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four years following the conclusion of the Representation.

D.    Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full. Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

## VI. ACKNOWLEDGMENT OF RISK IN CONTESTED CASES

Client acknowledges that, in the event of a loss, Client may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law. Client further acknowledges that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

VII. COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW; CONSENT TO JURISDICTION

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors. This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

COUNSEL:                                              CLIENT:

LARSON & ZIRZOW, LLC                                  MARC RANDAZZA:
a Nevada limited liability company:

By: _____                          _____
Zachariah Larson

4

## EXHIBIT A

## EXPENSES

| | |
|---|---|
| 1. Local Courier Messenger Services: | $10.00 (plus mileage) |
| 2. Fax | no charge |
| 3. Indexing (per tab) | $0.25 |
| 4. Photocopying (per page) | $0.25 |
| 5. Telephone Charge (long distance) | actual charge |
| 6. Equifax | actual charge |
| 7. Federal Express | actual charge |
| 8. UPS Delivery | actual charge |
| 9. Computerized Research | actual charge |
| 10. Scanning (per page) | $0.25 |
| 11. Electronic Filing and Retrieval Fees | actual charge |

## FEE SCHEDULE

Zachariah Larson, Esq./Matthew C. Zirzow, Esq. (shareholders):    $450.00 per hour

Carey Shurtliff/Trish Huelsman/Marsha Stallsworth (paralegals):    $175.00 per hour

EXHIBIT "3"

EXHIBIT "3"

# LEGAL REPRESENTATION AGREEMENT

This Legal Representation Agreement (the "Agreement") is made as of June 17, 2015 by and among MARC RANDAZZA (the "Client"), whose address is 10955 Iris Canyon Drive, Las Vegas, Nevada 89135; and LARSON & ZIRZOW, LLC, whose address is 810 South Casino Center Blvd., #101, Las Vegas, Nevada 89101 (the "Counsel").

## I.    SCOPE OF ENGAGEMENT

Subject to Client's payment of a $24,000 retainer, Client has engaged Counsel to commence or continue the legal representation (the "Representation") of Client re potential nondischargeability litigation commenced by Excelsior Media Corporation and/or Liberty Media Holdings, LLC therein.  Client may also engage Counsel to represent Client in different or additional matters.  If no adversary proceedings are filed against Client, the Client understands and agrees to have the $24,000 retainer applied to representation of the Client in Client's Chapter 11 bankruptcy proceeding subject to the terms of the Chapter 11 bankruptcy Legal Representation Agreement.

Counsel will attempt to communicate expeditiously with Client as to significant developments, will communicate all settlement offers promptly to Client, and will compromise or settle Client's claims only with Client's consent.  It is expressly understood that the timetable for bankruptcy, litigation, or approval is within the sole discretion and control of the appropriate court or responsible agency.  Client expressly acknowledges that Counsel has not given, and cannot give, any assurance of the outcome of any matters covered by the Representation and Client agrees to cooperate fully with Counsel and to provide all information known by, or available to, Client which may aid Counsel in representing Client in the Representation, and to keep Counsel informed of Client's current telephone number and mailing address.

## II. LEGAL FEES AND EXPENSES

Counsel shall bill Client on a monthly basis, and Counsel's bills shall include a description of work performed, the hours expended, the expenses incurred, and the amount due.  Client understands and agrees that Counsel shall be entitled to apply any funds on hand to pay any and all outstanding amounts owed prior to the filing of the bankruptcy cases to all pre-petition fees and costs that may reasonably be incurred, including filing fees for the bankruptcy case.  Subject to the Bankruptcy Code in the event of the commencement of a bankruptcy case, Client agrees to pay in full the amount of each bill within twenty (20) days of the billing date.  If Client has any questions or objections concerning a bill, Client shall raise them promptly for discussion.  Such questions or objections shall be timely only if made within twenty (20) days of the billing date.  Any outstanding balances not paid when due as agreed above will accrue an interest charge of eight percent (8%) per annum, compounded monthly, from the due date until paid in full.

At the conclusion of representation, any remaining retainer balance shall be promptly refunded to Client, after payment of Counsel's final invoice.  Counsel's current hourly rates and current charges for certain expenses are listed on Exhibit "A" to this Agreement.  Counsel's rate schedule is subject to reconsideration semi-annually, and any changes in it will be applicable to Client once Counsel has informed Client of them, directly or by invoice.  In addition, any legal fee

award or costs award a court may make to Client as a prevailing party in any lawsuit Counsel may prosecute on Client's behalf is merely that court's determination of the appropriate damages to be assessed against the opposing party. It is not any measure of the actual legal fees and costs that Counsel may charge Client for services rendered. Client and Counsel acknowledge that in the event Counsel is retained under this Agreement as legal counsel for a debtor-in-possession under the Bankruptcy Code, the award of legal fees is subject to award and review by the United States Bankruptcy Court.

Client acknowledges that Counsel may incur various expenses in providing services to Client. Client agrees to reimburse Counsel for all out-of-pocket expenses paid by Counsel. Client understands that under most circumstances, Client will be required to advance these expenses to Counsel or, if Client is billed directly for this expense, Client shall make prompt, direct payments to the originators of the bills. Such expenses include, but are not limited to, charges for serving and filing papers, courier messenger services, recording and certifying documents, depositions, transcripts, application fees, investigative costs, computerized research, witnesses, long-distance telephone calls, title insurance premiums, copying materials, overtime clerical assistance, travel expenses, sending facsimile communications, postage and notarial attestations. Such costs are charged at a rate representing reasonable charges in the community for such services, and may include administrative, clerical or overhead expenses as an element of the per unit charges. Client authorizes Counsel to retain and Client agrees to pay the charges of every other person or entity hired by Counsel to perform necessary services related to the Representation. Such other persons and entities may include, but are not limited to, court reporters, appraisers, real estate agents, escrow agents, accountants, investigators, expert witnesses, trust officers, stockbrokers, title examiners, surveyors, patent draft persons, and other attorneys hired for ancillary matters in other localities.

Except (i) in the event of any litigation or proceedings commenced by any third party against a party in which another party hereto is an indispensable party or potential third party defendant; (ii) a dispute as to which exclusive jurisdiction is vested in a particular court by applicable law or as otherwise expressly provided herein; or (iii) as otherwise provided in this Agreement, any dispute, controversy or claim relating to the enforcement or interpretation of Client's obligations under this Agreement shall be resolved by litigation commenced in the State of Nevada, Clark County.

Notwithstanding the foregoing, this provision is not intended to and shall not be interpreted as a limitation of any rights Client has or may have to pursue claims against Counsel outside the context of the litigation described herein, including, but not limited to, any claims relating to malpractice liability, or to submit Client's fee dispute to any State Bar of Nevada fee dispute resolution program then in effect.

## III. INFORMATION TO BE MADE AVAILABLE TO CLIENT

Counsel agrees to assert a diligent effort to assure that Client is informed at all times as to the status of the Representation and as to the courses of actions which are being followed or are being recommended by Counsel. Counsel agrees to provide Client with all written materials sent or received by Counsel pertaining to these matters so long as all fees due to Counsel have been

2

promptly paid by Client. Copies of all such materials will be provided at Client's expense. All of Counsel's work product will be owned by Counsel.

## IV. CONFLICTING ENGAGEMENT

Counsel agrees not to accept, without prior approval from Client, any engagement known by Counsel to be in direct conflict with the interests of Client in the Representation. If, in the course of representing multiple clients, Counsel determines in its sole discretion that a conflict of interest exists, Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients, possibly including Client, to the extent such a withdrawal would be permitted or required by applicable ethical provisions.

## V. TERMINATION OF REPRESENTATION

The Representation established by this Agreement is subject to termination only as follows:

A.    Counsel reserves the right to terminate the Representation (1) if Client fails to honor this Agreement; (2) for any just reason as permitted or required under the Nevada Code of Professional Responsibility or by any appropriate court; (3) if Client demands that Counsel take action which Counsel, in its discretion, determines would violate Rule 11 of the Federal Rules of Civil Procedure or any state or bankruptcy law derivative thereof; or (4) if Client fails to cooperate with Counsel, makes false representations to counsel, or fails to pay Counsel promptly as required by the terms hereof. Notification of termination shall be made in writing to Client. In the event of termination, Client agrees to pay Counsel promptly for all services rendered plus all other charges or expenses incurred pursuant to this Agreement prior to termination.

B.    Client reserves the right to terminate the Representation at any time and shall notify Counsel in writing of any such termination. In the event of such termination, Client agrees to pay Counsel promptly for all services rendered by Counsel prior to termination plus all other charges or expenses incurred pursuant to this Agreement prior to termination. If Counsel is required to consult with a successor attorney following termination, Client agrees to deposit a retainer with Counsel to cover the cost of such services.

C.    Counsel agrees to assert a diligent effort, subject to casualties beyond the control of Counsel, to retain and maintain all major and significant components of the files of Counsel relative to the Representation for a period of four years following the conclusion of the Representation.

D.    Counsel shall be entitled to enforce its attorneys' retaining lien and attorneys' charging lien in accordance with Nevada law, so that, in the event Client fails to pay Counsel as provided herein, Counsel may retain exclusive control of all Client files as well as any property, monies, or original documents in Counsel's possession, until such fees are paid in full. Client hereby grants a power of attorney to counsel to execute any drafts or instruments payable to Client, apply sums received to Counsel's outstanding fees, and remit any remaining funds to Client.

## VI. ACKNOWLEDGMENT OF RISK IN CONTESTED CASES

Client acknowledges that, in the event of a loss, Client may be liable for the opposing party's attorney's fees and will be liable for the opposing party's costs as required by law. Client further acknowledges that a suit brought solely to harass or coerce a settlement may result in liability for malicious prosecution or abuse of process.

## VII. COMPLETE INTEGRATION; BINDING UPON ALL PARTIES; CHOICE OF LAW; CONSENT TO JURISDICTION

This Agreement contains the entire agreement between Client and Counsel regarding the Representation and the legal fees and other charges and expenses to be paid relative thereto. This Agreement shall not be modified except by written agreement signed by Client and Counsel. This Agreement shall be binding upon Client and Counsel and their respective heirs, executors, legal representatives, and successors. This Agreement shall at all times be construed and interpreted in accordance with the laws of the State of Nevada, without regard to principles of conflicts of laws.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth at the beginning hereof.

COUNSEL:                                    CLIENT:

LARSON & ZIRZOW, LLC                         MARC RANDAZZA:
a Nevada limited liability company:

By: _____                   _____
Zachariah Larson

4

## EXHIBIT A

### EXPENSES

| | |
|---|---|
| 1. Local Courier Messenger Services: | $10.00 (plus mileage) |
| 2. Fax | no charge |
| 3. Indexing (per tab) | $0.25 |
| 4. Photocopying (per page) | $0.25 |
| 5. Telephone Charge (long distance) | actual charge |
| 6. Equifax | actual charge |
| 7. Federal Express | actual charge |
| 8. UPS Delivery | actual charge |
| 9. Computerized Research | actual charge |
| 10. Scanning (per page) | $0.25 |
| 11. Electronic Filing and Retrieval Fees | actual charge |

### FEE SCHEDULE

| | |
|---|---|
| Zachariah Larson, Esq./Matthew C. Zirzow, Esq. (shareholders): | $450.00 per hour |
| Carey Shurtliff/Trish Huelsman/Marsha Stallsworth (paralegals): | $175.00 per hour |