LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Telephone:  (702) 382-1170
Fascimile:  (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-15-14956-abl |
|---|---|
| MARC JOHN RANDAZZA | Chapter 11 |
| Debtor. | Date:  October 21, 2015<br>Time: 1:30 p.m.<br>Courtroom 1 |

**DECLARATION IN SUPPORT OF MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 FOR AN ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN PROVIDED TO THE UTILITY COMPANIES**

I, Marc John Randazza, hereby declare as follows:

1.      I am over the age of 18 and am mentally competent.  I make this declaration in support of the *Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining the Adequate Assurance has been Provide to the Utility Companies* (hereafter the "Utility Motions") filed by Marc John Randazza ("Debtor") in the above-captioned bankruptcy case (the "Chapter 11 Case").

2.      I am the Debtor herein and I am familiar with my daily business, operational, and financial affairs.  Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge of my business operations and finances, information learned from my review of relevant documents, and information supplied to me by individuals under my

control. If called upon to testify as to the content of this declaration, I could and would do so consistent herewith.

3. This declaration is filed concurrently with the Utility Motion.

4. On August 28, 2015 (the "Petition Date"), I filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

5. This Declaration provides the Court with certain background information regarding myself as well as the context for the initial relief sought by me. Accordingly, the Declaration is organized into two parts: (i) an overview of the Debtor and the events leading to the Chapter 11 Case; and (ii) an explanation of the relief sought in the Utility Motion.

6. The relief sought in the Utility Motion is critical, will allow for a smooth transition into Chapter 11, and will help to ensure that I am provided the opportunity to reorganize successfully.

**Background**

7. I am an Attorney at Law. I received my Juris Doctor from Georgetown University Law Center in 2000. I am admitted to practice law in the following jurisdictions: (1) Massachusetts since 2002; (2) Florida since 2003; (3) California since 2010; (4) Arizona since 2010; and (5) Nevada since 2012. In addition, my admission in the Province of Ontario, Canada is currently pending.

8. My current practice is at Randazza Legal Group in which I primarily focus on the following practice areas: first amendment litigation; trademark and copyright infringement litigation, including but not limited to trademark registration in United States, Canada, and Europe; defamation litigation; appellate practice; and international trademark disputes.

9. Randazza Legal Group has four (4) offices located in Las Vegas, Nevada, Miami, Florida, Philadelphia, Pennsylvania, and San Francisco, California. My time is spent between the Las Vegas and Miami offices.

10. Since 2012, I have been named in several law suits, which have impacted my financial situation negatively. Due to the impact on my finances, I have filed for protection under Chapter 11 of the United States Bankruptcy Code.

2

11. My transition into Chapter 11 must be effectively organized to ensure that I will be able to operate smoothly in bankruptcy and be afforded the opportunity to successfully emerge from this Chapter 11 Case. Accordingly, it is critical that I maintain strong relationships with my employees, partners, creditors, and such other parties that enable me to conduct my business and maintain my home. To maintain and foster these relationships, it is important to minimize the distractions to my operations that could result from my petitioning for Chapter 11 relief.

12. I have reviewed and am generally familiar with the contents of the Utility Motion. Based on that familiarity and information supplied to me, I believe that the relief sought in the Utility Motion is necessary to enable me to operate in this Chapter 11 Case with minimal disruption or loss of productivity or value. Absent granting the relief in the Utility Motion, immediate and irreparable harm will result to me and my business/ability to work.

**Utilities Motion.**

13. In the ordinary course of business, I incur utility expenses for water, sewer service, electricity, gas, telephone service, internet service, cable television, and waste management. These utility services are provided by the utilities (as such term is used in section 366 of the Bankruptcy Code, collectively, the "<u>Utility Providers</u>") listed on the Utility Service List attached to the Utility Motion as **Exhibit "1"**.

14. Although I believe that the Utility Service List includes all of the Utility Providers, I reserve the right, without the need for further order of the Court, to supplement the Utility Service List if any Utility Provider has been omitted. Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and I reserve the right to contest any such characterization in the future. To the extent any of the Utility Providers identified on the Utility Service List provide services to a non-debtor entity, I do not anticipate that the procedures set forth in this Motion would be applicable.

15. On average, I spend approximately $1,300.00 each month on utility costs. As of the Petition Date, I was substantially current on my utility obligations.

3

16. Preserving utility services on an uninterrupted basis is essential to my ongoing operations and, therefore, to the success of my reorganization. Any interruption of utility services, even for a brief period of time, would disrupt my ability to work and to continue servicing my customers, thereby negatively affecting customer relationships, property value, and income. Such a result could jeopardize my reorganizations efforts and, ultimately, value and creditor recoveries. It is therefore critical that utility services continue uninterrupted during the Chapter 11 Case.

17. I intend to pay my post-petition utility obligations owed to the Utility Providers in a timely manner. I expect that I will have ample liquidity based upon cash flow to pay post-petition obligations to the Utility Providers.

18. Specifically, my operations are currently cash flow positive, prior to debt service, and I presently have approximately $29,095.00 of cash on hand or in my bank account as of the Petition Date.

19. To provide additional assurance of payment for future services to the Utility Providers that did not hold deposits from me on the Petition Date (collectively, the "<u>Other Utility Providers</u>"), after entry of the order approving the Utility Motion the I will dedicate the sum of $429.00, which is a sum equal to 33% of my estimated cost of my monthly utility consumption (the "<u>Proposed Adequate Assurance</u>"), for payments of utilities expenses in a segregated account. This will provide still further assurance of future payment, over and above my ability to pay for future utility services in the ordinary course of business based upon my cash flow from work and operations.

20. I submit that the existing deposits and the Proposed Adequate Assurance provide protection well-in-excess of that required to grant sufficient adequate assurance to the Utility Providers.

21. Notwithstanding the Proposed Adequate Assurance for the Utility Providers, if the Utility Providers are not satisfied that they have received adequate assurance of future payment, I propose the following procedures (the "<u>Procedures</u>") under which such dissatisfied Utility Provider may make additional requests for adequate assurance:

**LARSON & ZIRZOW, LLC**
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

      a. If a Utility Provider is not satisfied with the assurance of future payment provided by me, the Utility Provider must serve a detailed written request (a "<u>Request</u>") so that it is actually received within fifteen (15) days of the date of the order granting this Motion (the "<u>Request Deadline</u>") requesting what additional protections it believe are necessary and appropriate under the circumstances.

      b. Without further order of the Court, I may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request if I, in my discretion, determine that the Request is reasonable or if the parties negotiate alternate consensual provisions.

      c. If I believe that a Request is unreasonable, I shall file a motion pursuant to section 366(c) of the Bankruptcy Code (a "<u>Determination Motion</u>") within fifteen (15) days after the Request Deadline. The Determination Motion shall seek a determination from the Court that the Utility Deposit account, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending notice and a hearing of the Determination Motion, the Utility Provider that is the subject of the Determination Motion may not alter, refuse or discontinue services to me, or recover or set off against a prepetition deposit.

      d. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that my Deposits and Proposed Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 Case.

22. To the extent I subsequently identify additional providers of utilities, I seek authority, in my sole discretion, to amend the Utility Service List to add or remove any Utility Provider. For those Utility Providers that are subsequently added to the Utility Service List, I will serve a copy of this Motion, along with the applicable portion of the amended Utility Service List and any order entered in connection with this Motion. Any subsequently added Utility Provider that objects to Debtor's Proposed Adequate Assurance will be subject to the

5

Procedures and must file a Request within thirty days (30) of being served with the relevant order.

23. I further request that all Utility Providers, including subsequently added Utility Providers, be prohibited from altering, refusing, or discontinuing utility services to me absent further order of the Court.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: September 22, 2015.

    /s/ Marc John Randazza
MARC JOHN RANDAZZA

**LARSON & ZIRZOW, LLC**
**810 S. Casino Center Blvd. #101**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170  Fax: (702) 382-1169**