United States Bankruptcy Court

District of Nevada



RECEIVED AND FILED
SEP 29 2015
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

In re:

Case No. 15-14956
Chapter 11

Marc John Randazza,
        Debtor

**Objection to Discharge Debt**

I, Counter Plaintiff Crystal Cox in District of Nevada Case Cox v. Randazza et al, 2:12-cv-02040-JAD-PAL and in Ninth Circuit Appeal Case, UNITED STATES COURT OF APPEALS Case: 15-15610, hereby object to the discharge of debt of Marc J. Randazza in regard to the above mentioned case.

I, Counter Plaintiff Crystal Cox have valid claims in this case. I am an injured party, and entitled to claims of Malpractice and Defamation as I have proven in this case and am awaiting a mandatory settlement arbitration.

I, Counter Plaintiff Crystal Cox am entitled to 10 million dollars from Marc Randazza, my ex-attorney, as the counterclaims in this case clearly spell out.

Cox claims she is entitled to at least the amount of coverage Randazza has or had in connection to his attorney / law license in several states. Randazza is liable for his willful and malicious injuries caused to Crystal Cox and Cox object to the discharge of this debt.

Cox can provide this court with more details of the above mentioned case upon request.

**Willful and Malicious Injuries are Not Dischargeable in Bankruptcy**

Cox claims that Randazza cannot discharge his financial responsibilities to this case as a matter of law.

From 1904 until 1998, the United States Supreme Court interpreted the willful and malicious injury exception very broadly. To except a debt from discharge under the exception, one only needed to prove that the debtor's act was intentional and necessarily caused injury. The existence of malice was assumed from the fact that an intentional act caused the injury.

1

Marc Randazza, Cox's ex-attorney caused her injury and he did so with willful and malicious intent and with clear knowledge of what he was doing. He is an expert in this area of law and used it to deliberately and willfully cause Cox harm

This changed in 1998, when the Supreme Court decided the case of Kawaahuau v. Geiger. In that case, a doctor treated a patient's foot infection with oral penicillin instead of intravenous penicillin because oral penicillin was less expensive. A jury awarded the patient a large judgment in a malpractice suit against the doctor and the doctor, who did not have malpractice insurance, declared bankruptcy. The patient sought to have the debt declared nondischargeable under the willful and malicious injury exception.

The Supreme Court noted that, as used in Section 523(a)(6), the word willful refers to the injury rather than to the act. Therefore, the Court held that the willful and malicious injury exception only applies to intentional injuries that the law calls intentional torts, not reckless or negligent torts, like the doctor's malpractice.

This was an intentional tort. Marc Randazza intentionally harmed his former client Crystal Cox and with full knowledge of the law and use of those laws to cause further harm to Cox.

Cox objects to the Discharge of Debt in the Randazza v. Cox counterclaims, as if this court discharges his debts then what is to prevent all attorneys from causing such harm to their clients, filing bankruptcy and moving on to create more victims?

Cox claims that per Section 523(a)(6) of the bankruptcy code makes debts nondischargeable if they arise from "willful and malicious injury by the debtor to another entity or to the property of another entity."

Counter Plaintiff Cox has a clear and convincing case in the District of Nevada that proves that Randazza had willful intent, full knowledge of his actions and that he caused "willful and malicious injury by the debtor to another entity or to the property of another entity." Cox's claims of Defamation and Malpractice against attorney Marc J. Randazza are valid and are not dischargeable.

Cox claims that if attorneys can harm their clients then simply file bankruptcy then this sets a precedent for all attorneys to violate their clients rights intentionally with malice and then simply file bankruptcy leaving the client to a life of ruin caused by them.

Cox has a right for this matter to move forward and to be awarded relief as a matter of law.

2

## Claims of Defamation
### 320 Assault, Libel, and Slander
### 28:1332 Diversity-Libel,Assault,Slander

Intentional torts are not dischargeable. Cox's claims against Marc Randazza are regarding intentional torts and his willful and intentional injury to Cox, his former client.

Claims of Defamation are assault, and the claims of Defamation in this case were intentional as Marc Randazza, Crystal Cox's ex attorney of Randazza Legal Group knew what he was posting, publishing, speaking and filing in arbitrations was not true and was malicious flat out lies that he, as her former attorney, knew were lies.

Section 523(a)(6) of the bankruptcy code makes debts nondischargeable if they arise from "willful and malicious injury by the debtor to another entity or to the property of another entity." Cox's claims do arise from such cause of action.

## Claims of Attorney Malpractice

Cox has claims of Malpractice against her former attorney Marc Randazza. Randazza willfully and maliciously caused Cox harm and with full intent and knowledge he was doing so. He endangered Cox, maliciously defamed Cox, made false sworn statements to courts and arbitrator's, stalked her, and put her in constant duress for years upon years. And he did so deliberately and with superior knowledge of the law.

In Kawaauhau v. Geiger, the Court held that a medical malpractice judgment based upon debtor's negligent or reckless conduct was not exempt from discharge under §523(a)(6). There the debtor had rendered inadequate medical care for a foot injury; ultimately plaintiff's leg had to be amputated below the knee. A jury found Dr. Geiger liable and awarded approximately $355,000 in damages.

In Geiger's subsequent bankruptcy, the bankruptcy court found the malpractice judgment nondischargeable as a debt "for willful and malicious injury," excepted from discharge by 11 U.S.C. §523(a)(6).

Marc Randazza intentionally rendered inadequate, unlawful services to Cox as her attorney and in doing so caused her harm.  The Eighth Circuit, en banc, reversed, holding that the §523(a)(6) exemption from discharge was limited to debts "based on what the law has for generations called an intentional tort." The Supreme Court rejected the argument that the malpractice award fit within the exception because the defendant had "intentionally rendered inadequate medical care to [her] that necessarily led to her injury," and affirmed the Eighth Circuit.

3



The court in Gross stated: [The debtor's] interpretation of the Geiger case as requiring a specific intent to cause injury for §523(a)(6) nondischargeability, is incorrect. The Supreme Court, in Geiger, did not define the precise state of mind required to satisfy the §523(a)(6) willfulness imperative …. An intentional wrongful act that necessarily causes injury meets the willfulness standard under Geiger. 4 COLLIER ON BANKRUPTCY 523.13[1], at 523-92 (Lawrence P. King, et al. eds., 15th ed. 2001).

The Supreme Court agreed that plaintiff's medical malpractice judgment was dischargeable because it was not based on intentional conduct, but rather on conduct that was negligent or reckless. The Court stated that "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." However, Randazza deliberately took Cox's case to sabotage her case and cause her harm. Randazza was intentionally reckless and negligent and with full knowledge of the law as a professional attorney, he knew what he was doing.

Jahrling is an Illinois lawyer who filed for bankruptcy protection. A creditor who had won a legal malpractice judgment against Jahrling sought to block the discharge of that obligation in that bankruptcy proceeding.

"The Estate seeks to except from discharge a $26,000 state court legal malpractice judgment entered against Jahrling in 2007. It also seeks to deny the Debtor a discharge. The Amended Complaint asserts causes of action under four Bankruptcy Code ("Code") sections: § 523(a)(4) — denial of discharge of a particular debt due to defalcation by a fiduciary; § 523(a)(6) …." In other words the creditor was claiming that Jahrling breached his fiduciary duty to the creditor and therefore could not discharge the debt in his bankruptcy proceeding.

In 2003, Jahrling became involved in a real estate transaction in which he was retained to represent Stanley Cora (aged 90 at the time) in a sale of his home to Bohdan Demkov ("Demkov") and Nadja Koval ("Koval"). Cora wanted to sell the property, but wanted to retain a life estate so that he could continue to live in the property. After the home was sold for $35,000, Demkov and Koval moved to evict Cora from the property. Jahrling received $400 at the closing of the sale.

After the sale, Cora sued Demkov and Koval for rescission and sued Jahrling for legal malpractice.

The Circuit Court of Cook County entered judgment in favor of Cora and against Jahrling in the legal malpractice action because (a) Jahrling did not communicate with Cora who only spoke Polish; (b) Jahrling relied on the lawyer for the buyers to communicate with Cora; (c) the home was sold for one-third of its market value. In 2007, Cora was awarded a judgment of $26,000 against Jahrling.

Years later, Jahrling sought to discharge the $26,000 legal malpractice award in bankruptcy.

4

The Bankruptcy Court in that case held that the debt was not dischargeable.

Randazza willfully harmed Cox and cannot discharge the claims.

## Debt cannot be Discharged due to Fraud

Crystal Cox claims that Marc John Randazza premeditated this bankruptcy to avoid losing assets. Marc Randazza knew he was going to use bankruptcy to stop or get rid of pending cases against him whereby he actually committed fraud against former clients.

Crystal Cox alleges this is fraud and that debt cannot be discharged in fraud.

Marc Randazza stalled Cox's counterclaims in the District of Nevada case by appealing a Judge's ruling to the Ninth Circuit regarding Anti-Slapp laws in Nevada which he personally co-wrote. This stayed the District of Nevada case pending the Ninth Circuit appeal decision. Randazza was to file an opening brief in that case in August of 2015, however he extended the filing deadline, then on August 28th, 2015 he filed bankruptcy. Randazza then filed this Bankruptcy Notice of filing in the Ninth Circuit case and thereby froze those proceedings as well.

Cox claims that Randazza premeditated these actions and planned a bankruptcy all along, and stalled in order to create trusts, spend money, hide money offshore, file for a divorce to hide money with his wife and her family and make it look like he simply, one day, could not pay his creditors nor be liable to the clients he had intentionally harmed.

Randazza continued to harm his clients and all the while knowing he was creating a massive liability. Cox's claims against Marc Randazza are clear and convincing, they are valid and the case has been going on since Nov of 2012, nearly 3 years now.

As of January 2015 Marc Randazza knew that the Nevada courts was allowing Cox's counterclaims, so in March of 2015 Marc Randazza begin planning his bankruptcy, he started several family trusts, bought vehicles, and in June he and his wife Jennifer Randazza who also sued Cox but Cox was not allowed to countersue per judicial order, filed for divorce. Cox alleges this too was premeditated in order to defraud creditors and those who have and had legitimate claims against Marc Randazza.

**On March 9th, 2015** Marc Randazza set up the Misuraca Family Trust. He also set up Marc J. Randazza P.A as another entity and this 100% owned by the Misuraca Family Trust.

ALL this to attempt to move forward as a lawyer and not pay those he harmed in previous case and or other creditors. This was and is to protect Marc Randazza to maliciously, willfully and

5



intentionally cheat clients, cause client harm, ruin clients business and quality of life and then simply file bankruptcy and move on as an attorney and hid his assets from those folks (creditors and clients who sued him for malpractice).

Magnolia Holdings 19 LLC is owned by Marc Randazza, Jennifer Randazza and Ronald Green, Randazza's business partner who represents Marc Randazza and Jennifer Randazza in their lawsuit against Crystal Cox.

These trusts and this divorce filing, as well as several trips to other countries such as Canada, the UK and other countries, Cox alleges this travel was to hide money and assets, and was done with full intent to defraud Creditors, which includes Cox who has $10,000,000 in legitimate claims against Marc J. Randazza of Randazza Legal Group. Therefore Cox objects to the discharge of debt.

March 9th, 2015 Marc Randazza buys a $42,000 BMW. Randazza bought a 2013 Sienna for $25,000 and put it in Jennifer Randazza's name. And Marc Randazza put $26,000 on tuition for private school for his children, even though one of his children was the Plaintiff in the Cox case, which was an immoral, unethical action for Mr. Randazza to have taken.

On August 25th, 2015 Marc Randazza started a 401k account at John Hancock. 3 days later on August 28th, 2015 he filed for bankruptcy. Cox claims this is clearly with intent to commit fraud on the bankruptcy courts and to defraud Creditors who were entitled to be paid.

Marc Randazza started an IRA at LPL Financial for 99,000.

Marc Randazza created a secured debt of $300,000 with his wife's parents Denise and Cathy Brochey, of which Cox claims was to defraud creditors and hide assets from his victims.

Cox claims that Randazza created all the above specifically with intent to defraud Creditors.

Cox alleges this was all staged to defraud Creditors.


For all this to happen on the same day March 9th, 2015, is suspect and Cox moves this court to take note that it is odd that all these trusts were set up and a 42,000 BMW was purchased this same day, as well as a 25,000 Toyota Sienna for Jennifer Randazza.



I, Crystal Cox object to the discharge of a debt / interest of Marc Randazza owed to me as per my legal and constitutional right and right to due process and per 11 U.S.C. §523(a)(6).

6

/s/ Crystal L. Cox

---

Crystal L. Cox, Pro Se Creditor

## Certificate of Service

Sent to

Bankruptcy CLerk's Office
300 Las Vegas Blvd. South
Las Vegas, NV 89101


AND

emailed to Z. Larson, Randazza attorney
zlarson@lzlawnv.com