WENDY MEDURA KRINCEK, ESQ., (Bar No. 6417)
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Tel: (702) 862-8800
Fax: (702) 862-8811

Arthur Carvalho, Jr. (Cal. Bar No. 125370)
Vaughn M. Greenwalt (Cal. Bar. No. 298481)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
*Appearing Pro Hac Vice*

Attorneys for Creditors,
EXCELSIOR MEDIA CORP., and
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

MARC JOHN RANDAZZA

Case No.: BK-S-15-14956-abl

Chapter 11

Date: November 25, 2015
Time: 1:30 p.m.
Courtroom 1

**DECLARATION OF WENDY M. KRINCEK, ESQ., IN SUPPORT OF CREDITORS E/L'S MOTION TO MODIFY THE AUTOMATIC STAY**

I, WENDY M. KRINCEK, declare and state as follows under 28 U.S.C. § 1746:

1. I am an attorney duly licensed to practice law before this Court. I am a Shareholder at the law firm of Littler Mendelson, P.C., counsel of record for Creditors Excelsior Media, Corp.,

1

DECLARATION OF
WENDY M. KRINCEK

and Liberty Media Holdings, LLC ("E/L" or "Creditors") in the currently pending JAMS arbitration proceeding *Randazza v. Excelsior Media Corporation*, JAMS case no 1260002283 (the "Arbitration"). I have personal knowledge of the matters stated herein, and if called as a witness, could and would competently testify thereto.

2. On December 19, 2012, Debtor Marc J. Randazza ("Randazza" or "Debtor") initiated an arbitration action under the auspices of Judicial Arbitration and Mediation Services, Inc., ("JAMS") against E/L for employment-related claims. E/L filed counterclaims in the Arbitration against Debtor alleging numerous serious violations of professional conduct, all of which were material breaches of the employment agreement (the "Agreement") between the parties. All of the claims at issue in the Arbitration were state law claims.

3. The parties agreed to the appointment of the Hon. Stephen E. Haberfeld (Ret.) as the arbitrator for the matter (the "Arbitrator").

4. After two years of discovery and pre-hearing litigation, the Arbitration hearing was held over five days, February 9-13, 2015.

5. At the hearing, the parties introduced into evidence the testimony of twelve live witnesses (four of which were expert witnesses), deposition and declaration testimony of a number of additional witnesses, as well as hundreds of writings, audiotapes, and videotapes.

6. On June 3, 2015, the Arbitrator issued his Interim Arbitration Award (the "IAA"). The IAA found in favor of E/L on all of the claims and counterclaims, and awarded E/L damages against debtor in a sum exceeding $568,715, and an accounting. In addition, the ruling states that Arbitrator will award spoliation damages, return of company equipment, interest, costs and attorneys' fees all to be determined at a subsequent hearing – in total, the award approaches $1 million dollars and is anticipated to significantly bypass that amount once the final award regarding attorneys' fees and costs is rendered. The Arbitrator also found that Randazza's claims had no merit. The IAA is a self-identified final award except for the determination of spoliation damages, and accounting, fees and costs. A true and correct copy of the IAA is attached hereto as Exhibit 1.

7. At the request of E/L, the Arbitrator scheduled the hearing on E/L's application for costs and attorneys' fees on August 31, 2015.

8. Immediately after the IAA was issued, by and through his counsel, Randazza initiated settlement negotiations with E/L. Randazza threatened to file bankruptcy if E/L did not accept a small fraction of the award in settlement.

9. In light of this threat, on June 12, 2015, E/L petitioned the Nevada State Court ("State Court") to confirm the IAA (the "Petition"). A true and correct copy of the Petition is attached hereto as Exhibit 2. The hearing on E/L's Petition was scheduled for September 3, 2015 – 3 days after the hearing on E/L's application for attorneys fees and costs in the Arbitration.

10. The Arbitration is substantially complete. Substantially all that remains to conclude is for the Arbitrator to issue a final arbitration award inclusive of all damages, attorneys' fees, and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of October, 2015, at Las Vegas, Nevada.

_____
Wendy M. Krincek