# EXHIBIT 2

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Excelsior Media Corp., Liberty Media Holdings, LLC and Jason Gibson | Mark J. Randazza |
| | 10955 Iris Canyon Lane |
| | Las Vegas, NV 89135 |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Wendy M. Krincek, Esq. and Ethan D. Thomas, Esq | |
| Littler Mendelson, 3960 Howard Hughes Parkway, Suite 300 | |
| Las Vegas, NV 89169 | |
| 702-862-8800 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☒ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

June 12, 2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

**MCAA**
WENDY MEDURA KRINCEK, ESQ., Bar # 6417
ETHAN D. THOMAS, ESQ., Bar # 12847
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811

Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EXCELSIOR MEDIA CORP., a Nevada Corp.; LIBERTY MEDIA HOLDINGS, LLC, a California limited liability company; and JASON GIBSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MARC J. RANDAZZA,<br><br>Defendant. | Case No.<br><br>Dept. No.<br><br>**PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD ON ORDER SHORTENING TIME** |

Plaintiffs Excelsior Media Corp. ("Excelsior"), Liberty Media Holdings, LLC ("Liberty"), and Jason Gibson, move this Court pursuant to NRS 38.239 and 9 U.S.C. § 201, et seq., for an order confirming the Interim Arbitration Award against Defendant Marc J. Randazza.

The Interim Arbitration Award was rendered on June 3, 2015 by the Hon. Stephen E. Haberfeld (Ret.) through JAMS and finally resolves liability with respect to the claims asserted by Defendant and counterclaims asserted by Plaintiffs.

///

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

Further, an order shortening time is requested pursuant to EDCR 2.26 because of the expedited nature of the Motion to Confirm Arbitration Award and the need to hear this motion on an expedited basis as further explained in the attached Affidavit of Wendy M. Krincek, Esq.

Dated: June 12, 2015

Respectfully submitted,

WENDY MEDURA KRINCEK, ESQ.
ETHAN D. THOMAS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Plaintiffs

### NOTICE OF MOTION

TO: Defendant, and his counsel.

PLEASE TAKE NOTICE that Plaintiffs will bring the foregoing Motion to Confirm Arbitration Award or hearing before the above-entitled Court at the Clark County Courthouse, Las Vegas, Nevada, Dept. _____ on the _____ day of _____, 2015 at _____, or as soon thereafter as counsel may be heard on the matter.

### ORDER SHORTENING TIME

Excelsior Media Corp. ("Excelsior"), Liberty Media Holdings, LLC ("Liberty"), and Jason Gibson having filed a request to shorten time as to Plaintiff's Motion to Confirm Arbitration Award on Order Shortening Time, and good cause appearing therefore,

IT IS ORDERED that the time to hear the foregoing Motion to Confirm Arbitration Award on Order Shortening Time is hereby shortened; and

IT IS FURTHER ORDERED that said Motion to Confirm Arbitration Award on Order Shortening Time shall be heard on the _____ day of _____, 2015 at ___:_____ a.m./p.m. in Department _____, of the Eighth Judicial District Court, in and for Clark

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

2.

County, Nevada.

IT IS SO ORDERED this _____ day of _____, 2015.

_____
DISTRICT COURT JUDGE

Respectfully Submitted by:
LITTLER MENDELSON, P.C.

_____
WENDY M. KRINCEK, ESQ.
ETHAN D. THOMAS, ESQ.

## DECLARATION OF WENDY M. KRINCEK, ESQ.

I, Wendy M. Krincek, Esq., hereby declare, subject to the penalties of perjury of the State of Nevada and the laws of the United States, that the assertions in this Declaration are true and correct based upon my personal knowledge.

1. I am an attorney licensed to practice law within the State of Nevada, and a Shareholder with the law firm of Littler Mendelson, P.C. This firm represents Plaintiffs Excelsior Media Corp. ("Excelsior") and Liberty Media Holdings, LLC ("Liberty"), and Jason Gibson in the above-referenced matter. I have personal knowledge of the matters stated herein and can testify of the same if called upon to do so.

2. Plaintiffs are filing a Motion to Confirm Arbitration Award on Order Shortening Time against the Defendant in this action pursuant to EDCR 2.26.

3. Expedited scheduling of this matter is necessary in order to promptly confirm a JAMS Arbitration Award issued against Defendant and in favor of Plaintiffs on June 3, 2015.

4. Since the Arbitration Award was issued, correspondence with Defendant's counsel has given Plaintiffs reason to believe that Defendant does not intend to comply with various deadlines for satisfaction of portions of the Arbitration Award, including a June 13, 2015 deadline for Defendant to return a company-owned laptop and client funds previously held in Defendant's attorney trust account plus ten percent 10% interest per

3.

1 | annum from August 29, 2012.

2 | 5. Upon information and belief, Plaintiffs also have reason to believe that Defendant is actively attempting to avoid paying the Arbitration Award issued against him in whole or at least in part.

6. If the instant Motion to Confirm Arbitration Award on Order Shortening Time was not heard on an expedited basis it could have significant impact on Plaintiffs' ability to collect on the Arbitration Award.

I have read the foregoing Declaration and state that it is true and correct and based upon personal knowledge.

Executed this 12 day of June, 2015, in Las Vegas, Nevada.

WENDY M. KRINCEK, ESQ.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On June 3, 2015, the Hon. Stephen E. Haberfeld (Ret.) rendered an Interim Arbitration Award in favor of Plaintiffs and against Randazza. The Interim Arbitration Award resolved liability as to all claims and counterclaims, dismissed Plaintiff Jason Gibson as a party, and awarded significant damages to Plaintiffs. The Interim Arbitration award contemplates the issuance of an additional "further and/or amended interim arbitration award" to be awarded for Randazza's "spoliation and conversation of Excelsior's and Liberty's files and other data contained on employer-owned laptop computers entrusted to Claimant and Erika Dillon during their employment by Respondents...." and possible award of fees and costs to Plaintiffs. Nonetheless, the Interim Arbitration Award, attached as **Exhibit 1**[1], qualifies as an arbitral award which may be confirmed by this Court pursuant to NRS 38.236, NRS 38.239 and Section 9 of the Federal Arbitration Act. Therefore, Plaintiffs now seek entry of an order confirming this arbitration award pursuant to NRS 38.239.

### II. FACTUAL BACKGROUND

Randazza was employed as Excelsior's full-time General Counsel from 2009 until August 2012. Excelsior is a sister company to various entities including Liberty. Randazza was employed pursuant to a written employment contract containing a provision requiring disputes to be resolved by binding arbitration administered by the Judicial Arbitration and Mediation Service or American Arbitration Association. **See Contract of Employment for Corporate General Counsel attached as Exhibit 3 at Section 8 and Exhibit 2 at para. 2.** Randazza's employment with Excelsior terminated August 29, 2012.

The parties participated in a 5-day evidentiary hearing in Las Vegas Nevada, before the Hon. Stephen E. Haberfeld (Ret.) on February 9, 10, 11, 12, and 13, 2015 on the merits of the parties' respective claims, counterclaims and contentions. Randazza brought claims for sexual harassment, retaliation, breach of contract, wrongful termination in violation of public

---

[1] The Interim Arbitration Award is verified by the Declaration of Wendy M. Krincek attached as **Exhibit 2**.

5.

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

policy, breach of contract, unpaid wages and penalties under NRS 608.050, unpaid wages and vacation time under Cal. Labor Code §§ 201-203, and reimbursement of expenses under Cal. Labor Code § 2802. Plaintiffs brought counterclaims for breach of fiduciary duty, legal malpractice, breach of contract, conversion, intentional interference with contractual relations, tortious breach of the duty of good faith and fair dealing, and unjust enrichment.

On June 3, 2015, the Arbitrator issued an Interim Arbitration Award (Exhibit 1) in favor of Plaintiffs setting forth the following award:

**INTERIM ARBITRATION AWARD**

Based upon careful consideration of the evidence, the applicable law, the parties' written submissions, the Determinations hereinabove set forth, and good cause appearing, the Interim Arbitration Award in this arbitration is as follows:

    1. Claimant and Counter-Respondent Marc J. Randazza ("Claimant") shall take nothing by any of his claims set forth in his Amended Arbitration Demand.

    2. Claimant shall pay Respondent(s) the following sums and amounts, as and for monetary damages in connection with Respondents' counterclaims. Said amounts are exclusive and non-duplicative of any amount separately and additionally awarded to Respondents as part of the remedy of disgorgement. See below. Said amount includes the amount of $275,000, plus pre-award interest from August 13, 2012, at the legal rate of ten percent (10%) per am1um, as and for monetary damages in connection with the resettlement of the Oron litigation, as a direct and proximate result of Claimant's violations of fiduciary duty in connection with his negotiating for a $75,000 "bribe" (to conflict him out of future representation against Oron) as part of the resolution of the Oron litigation. Said amount will include the amount of $60,000, by which amount Claimant was unjustly enriched--- in that Claimant (via his law firm), rather than either Respondent received (A) $60,000 in connection with Claimant's ostensibly pro bono representation in connection with the Righthaven cases, while compensated for Claimant's time spent on the representation as employee, in the course of his employment, as to which representation the costs were advanced by Claimant's employer, and (B) received from James Grady in connection with the Oron litigation. Said amount will include the amount of $3,215.98 ---as and for Respondents' expenses reasonably incurred in connection with QUIVX forensic examination and attempted restoration of data on employer-owned laptop computers and an iPhone used and returned, as applicable, by Claimant and Erika Dillon. In addition, an amount yet to be determined, in

the exercise of the Arbitrator1s discretion, will be awarded for Claimant's spoliation and conversion of Excelsior1s and Liberty's files and other data contained on employer-owned laptop computers entrusted to Claimant and Erika Dillon during their employment by Respondents or either of them. The additional amount awarded will be set forth in a further and/ or amended interim arbitration award and/ or in the final arbitration award.

3. Claimant shall pay Respondent Excelsior the amount of $197,000.00 --- as and for disgorgement of an appropriate amount of Claimant's employment compensation (including salary and bonuses) paid under his employment agreement). The awarded amount under this paragraph is non-duplicative of and does not overlap with any amount award as monetary damages under any other paragraph of this Interim Award. The amount awarded under this paragraph does not include disgorgement based on Claimant1S post-employment violations of fiduciary duty. That is because it appears to the Arbitrator that they are instances of Respondents having rights without a remedy--- as the limits of case law on disgorgement do not extend to post-employment violations of fiduciary duty. Disgorgement shall be based on Claimant1S violations of fiduciary duty --- including as acting as an attorney in connection with the TNAFlix litigation and the Mega Upload case, Claimant1s concurrent representation of XVideos and/ or XNXX during his employment by Excelsior and spending excessive, undisclosed, time on non-Excelsior/Liberty matters far beyond contractually-permitted time under his employment agreement.

4. Claimant is hereby ordered forthwith (i.e., within ten (10) days of the date of the issuance of this Interim Arbitration Award) to turn over to Respondents all Oron-related funds and, further, an additional $30,000 of non-Oron- related client funds of Respondents--- which funds have been held in Claimant's attorney trust account--- plus pre-award interest at the legal rate of ten percent (10%) per annum from August 29, 2012.

5. An accounting of Claimant's attorney trust account is hereby ordered--- including to ensure compliance with Paragraph 4 hereof. The accounting shall be performed by a qualified third-party accountant and/ or accounting firm appointed and/ or approved by the Arbitrator. The cost and expense of which shall be borne solely by Claimant--- although Respondents may advance the funds necessary for the accounting, subject to ordered reimbursement by Claimant. Claimant is hereby ordered to cooperate fully with the ordered accounting.

6. Claimant is hereby ordered to return the as-yet-unreturned company-owned laptop to Respondents' counsel forthwith--- and in no event later than ten (10) days from the date of the issuance of this Interim Arbitration Award.

7. Respondent shall be awarded as damages or costs reasonably incurred with this litigation, expenses reasonably incurred by QVIX or

7.

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

similarly qualified expert vendor--- up to a maximum of $3,500 ---in connection with the vendor's performance of successful and/ or attempted retrieval of data a report to the Arbitrator of what, if anything was deleted from the computer and when.

8. Respondents and Counterclaimants Excelsior Media Corp. and Liberty Media Holdings, LLC shall be afforded the right in this arbitration to establish their rights--- if any, and according to proof--- to contractual attorney's fees and costs. Counsel for the parties are ordered to immediately commence and diligently conduct and conclude meet-and-confer communications and to submit to the Arbitrator within ten (10) days of the issuance of this Interim Arbitration Award an emailed proposed briefing and hearing schedule for any application for contractual attorney's fees and costs.

9. Respondent Jason Gideon will be dismissed as a party to this arbitration. Subject to further order and/ or a further and/ or amended interim arbitration award, and the Final Arbitration Award, this Interim Arbitration Award, including the Determinations hereinabove set forth, is intended to be in full settlement of all claims, issues, allegations and contentions, on the merits, submitted by any party against any adverse party in this arbitration. Subject to the immediately preceding sentence, claims and requests for relief not expressly granted in this Interim Arbitration Award are hereby denied.

**Exhibit 1 at pp. 23-26.**

**III.   ARGUMENT**

    **a. Plaintiffs Are Entitled To Confirmation Of The Interim Arbitration Award Under State And Federal Law.**

Nevada law provides that after a party to an arbitral proceeding receives notice of an award:

> "the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS 38.241"

NRS 38.239.[2] Federal law further provides for judicial confirmation of an arbitral award. The Federal Arbitration Act ("FAA") requires that, whenever "a party seeks a judicial order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected . . . ." *Kyocera Corp. v. Prudential-Bache Trade Servs.,*

---

[2] Nevada law further provides for confirmation of preaward rulings by an arbitrator under NRS 38.234. However, the Interim Arbitration Award is a self-identified award.

8.

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169-5937
702 862 8800

*Inc.*, 314 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9); *see also Doctor's Assocs., Inc., v. Cassarotto*, 517 U.S. 681 (1996) (stating the purpose of the FAA is to ensure that private agreements to arbitrate are enforced). Confirmation of an arbitration award is normally a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc., v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). Here, the Interim Arbitration Award determined liability with respect all claims and counterclaims and awarded damages (reserving the right to award additional damages and attorney's fees and costs). Consequently, Plaintiffs request confirmation of the Interim Arbitration Award pursuant to NRS 38.239. A proposed order is attached as **Exhibit 4** hereto.

## IV.  CONCLUSION

Plaintiffs respectfully request an order confirming the Interim Arbitration Award into a judgment against Randazza in the amounts of:

1. $275,000, plus pre-award interest from August 13, 2012, at the legal rate of ten percent per annum.
2. $60,000
3. $3,215.98
4. $197,000
5. Return of all Oron-related funds and, further, an additional $30,000, plus pre-award interest at the legal rate of ten percent per annum
6. An accounting of Randazza's attorney trust account as provided in on page 25, No. 5, of the Interim Arbitration Award
7. Return by Randazza of the company-owned laptop to Plaintiffs as provided on page 25, No.8 of the Interim Arbitration Award

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

9.

1  Dated: June 12, 2015

Respectfully submitted,

WENDY MEDURA KRINCEK, ESQ.
ETHAN D. THOMAS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
EXCELSIOR MEDIA CORPORATION

Firmwide:134079461.1 073131.1001

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

10.