LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No.: BK-S-15-14956-abl |
| --- | --- |
| | Chapter 11 |
| MARC JOHN RANDAZZA | Date: October 21, 2015 |
| | Time: 1:30 p.m. |
| Debtor. | Courtroom 1 |

### NOTICE OF ENTRY OF ORDER

TO:   WHOM IT MAY CONCERN

NOTICE IS HEREBY GIVEN that on the 29th day of October, 2015, an *Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance has been Provided to Utility Companies* [ECF No. 64] was entered in the above-entitled matter, a copy of which is attached hereto.

Dated: October 30, 2015.

LARSON & ZIRZOW, LLC

By: /s/ Zachariah Larson
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101

Attorneys for Debtor

_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 29, 2015

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re:                | Case No.: BK-S-15-14956-abl |
|                       | Chapter 11                  |
| MARC JOHN RANDAZZA,   |                             |
|                       | Date: October 21, 2015      |
| Debtor.               | Time: 1:30 p.m.             |
|                       | Courtroom 1                 |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO**
**11 U.S.C. §§ 105(a) AND 366 DETERMINING THAT ADEQUATE**
**ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES**

Marc John Randazza, as debtor and debtor in possession (the "Debtor"), having filed his *Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance Has Been Provided to Utility Companies* (the "Motion") [ECF No. 22][1]; notice of

_____
[1] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

hearing on the Motion and the Motion having been properly and timely served; no oppositions to the Motion having been filed; the Court having reviewed and considered the Motion, and having held a hearing on the Motion; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil procedure, made applicable pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.  The Motion is granted in its entirety;

2.  Except in accordance with the procedures set forth below, absent further order of the Court, the Debtor's utilities (as such term is used in 11 U.S.C. § 366, collectively, the "Utility Providers") are prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of his bankruptcy case or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone service, or any other utility of like kind, to the Debtor;

3.  If a Utility Provider is not satisfied with the assurance of payment provided under this order, the Utility Provider must serve a written request (a "Request") for additional assurance of payment, which Request must be served upon the Debtor's counsel a detailed written request so that it is actually received within fifteen (15) days of the date of this Order (the "Request Deadline"). The Request must set forth the location(s) for which utility services are provided, the last 4 digits of the account number(s) for such location(s), the outstanding balance for each account and a summary of the Debtor's payment history for the eighteen (18) months prior to the Petition Date on each account. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if the Debtor in his discretion determines that the Request is reasonable or if the parties negotiate alternate consensual provisions;

4.    If the Debtor believes that a Request is unreasonable, Debtor shall file a motion pursuant to 11 U.S.C. § 366(c)(2) (a "<u>Determination Motion</u>") within thirty (30) days after the Request Deadline, seeking a determination from the Court that the Utility Deposit Reserve constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the Request may not alter, refuse, or discontinue services to Debtor nor recover or set off against a prepetition deposit;

5.    Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that Debtor's Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of 11 U.S.C. § 366, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of his Chapter 11 case;

6.    Debtor may supplement the Utility Providers List. Any subsequently identified Utility Provider set forth on a supplemental exhibit will fall within the scope of this Order from the date of the filing of such supplemental exhibit. Any Utility Provider not listed on the original Utility Provider List but included on a supplemental exhibit shall be served with notice and a copy of this Order within five (5) business days after the supplemental exhibit is filed with the Court, and is afforded thirty (30) days from the date of service to make a Request. Such Request must otherwise comply with the requirements of this Order;

7.    Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by 11 U.S.C. §§ 362 and 366 or other applicable law, and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to 11 U.S.C. § 365 nor shall anything herein be deemed a waiver by Debtor or any other party of any right with respect to the assumption or rejection of an executory contract;

8.    Notwithstanding the possible applicability of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

. . .

. . .

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

| PREPARED AND SUBMITTED: | APPROVED / DISAPPROVED: |
|---|---|
| By: /s/ Matthew C. Zirzow<br>LARSON & ZIRZOW, LLC<br>ZACHARIAH LARSON, ESQ.<br>Nevada Bar No. 7787<br>MATTHEW C. ZIRZOW, ESQ.<br>Nevada Bar No. 7222<br>810 S. Casino Center Blvd. #101<br>Las Vegas, Nevada 89101<br><br>Attorneys for Debtor | By: /s/ Vaughn M. Greenwalt<br>LANG, HANIGAN & CARVALHO, LLP<br>VAUGHN M. GREENWALT, ESQ.<br>California Bar No. 298481<br>21550 Oxnard Street, Suite 760<br>Woodland Hills, California 91367<br><br>Attorneys for Excelsior Media Corp.<br>and Liberty Media Holdings, LLC |

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| Vaughn M. Greenwalt, Esq. (Counsel for Excelsior Media Corp. and Liberty Media Holdings: | Approved |
|---|---|

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

4