LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| In re: | Case No: BK-S-15-14956-abl |
|---|---|
| MARC JOHN RANDAZZA, | Chapter 11 |
| Debtor. | Date: November 25, 2015<br>Time: 1:30 p.m.<br>Courtroom 1 |

## DECLARATION OF MARC JOHN RANDAZZA, ESQ. IN SUPPORT OF DEBTOR'S OPPOSITION TO THE MOTION OF EXCELSIOR MEDIA CORPORATION AND LIBERTY MEDIA HOLDINGS, LLC TO MODIFY THE AUTOMATIC STAY TO ALLOW A PRE-PETITION ARBITRATION TO PROCEED TO JUDGMENT

I, Marc John Randazza, Esq., hereby declares as follows:

1. I am over the age of 18 and am mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Debtor's Opposition to the Motion of Excelsior Media Corporation and Liberty Media Holdings, LLC to Modify the Automatic Stay to Allow a Pre-Petition Arbitration to Proceed to Judgment* (the "Opposition") filed in the above-captioned case on behalf of Marc John Randazza (collectively, the "Debtor"). Unless otherwise indicated, all capitalized terms herein shall have the same meaning as ascribed to them in the Opposition.

2. I am an attorney with the Randazza Legal Group, which maintains offices at, among other places, 3625 S. Town Center Drive, Las Vegas, Nevada 89135.

## The Arbitration and the Interim Award

3. Prior to the Petition Date, I caused to be initiated an arbitration proceeding against Excelsior/Liberty styled as Randazza v. Excelsior Media Corp. et al., JAMS No. 1260002283 (the "Arbitration"). My claims in the Arbitration included significant contractual amounts owed as well as tort claims. Excelsior/Liberty filed various counterclaims against me in the Arbitration. JAMS is a private arbitration, mediation and alternative dispute resolution company, and significant ongoing fees and costs must be paid to the JAMS arbitrator (the "Arbitrator") for those proceedings. I was represented in the Arbitration by California-based attorney Kenneth P. White, Esq. of the law firm of Brown, White & Osborn in Los Angeles because the Arbitration principally involved issues of California law.

4. On or about June 3, 2015, the Arbitrator entered an *Interim Arbitration Award* (the "Interim Award") in the Arbitration. Motion, Ex. 1. The Interim Award awarded certain monetary damages in favor of Excelsior and/or Liberty and against me. Critically, however, the Interim Award was interim only because it left at least three (3) substantial matters unresolved and pending further proceedings.

5. First, the Interim Award left open the possibility that the Arbitrator would award additional damages for the alleged spoliation and conversion of Excelsior and/or Liberty's files and other data, with such additional amounts to be set forth in a further and/or amended arbitration award and/or in a final arbitration award. Such further arbitration proceedings will require additional briefing and the presentation of additional evidence and/or arguments, as well as additional fees and costs paid to the Arbitrator in order for a final decision to be rendered at some unknown, future date.

6. Second, the Interim Award ordered an accounting from a non-party law firm's client trust account. This accounting has not been started as of the Petition Date, and the Interim Award required it to be performed by a third-party accountant and/or accounting firm approved by the Arbitrator and paid for by me, which will undoubtedly be at significant additional cost, and also impose unknown delays on any final and complete resolution of the Arbitration.

7. Third, the Interim Award also allowed Excelsior/Liberty to establish through

further arbitration proceedings the amount of attorneys' fees and costs it may be entitled to recover, if any, under the applicable employment contract at issue. The costs sought by Excelsior/Liberty in such further arbitration proceedings will undoubtedly include hundreds of thousands of dollars in fees and costs to be paid to the JAMS Arbitrator, which fees and costs will continue to accrue if the Arbitration is allowed to proceed.

8. In other words, instead of using the Bankruptcy Court to bring about an efficient and economical liquidation of its claims, Excelsior/Liberty's Motion, if granted, will only serve to add further fees and costs (both through the parties' own counsel as well as the Arbitrator) and delays to the ultimate liquidation of the claims at issue. For example, to date in the Arbitration, I have paid in excess of $60,000.00 just in arbitration <u>costs</u>, which amounts do not include the undoubtedly significant amount of Arbitrator fees already incurred, and to be incurred going forward in those proceedings if they are allowed to continue. Additionally, any arbitration awards will thereafter require significant additional proceedings in an applicable state court to be confirmed before any final and enforceable judgment could be entered, which confirmation proceedings will also be expensive and time consuming.

9. As of the Petition Date, I still owed his California-based counsel in the Arbitration the sum of $28,392.86 [ECF No. 15, p. 19], and exclusive of any additional fees and costs that may be incurred in the future should Excelsior/Liberty's Motion be granted and the Arbitration proceedings be permitted to continue. As such, to the extent Excelsior/Liberty's Motion seeks to continue with the Arbitration, I will not have the ability to pay for such fees and costs, which will obviously have a deleterious impact on my defense in those proceedings.

**Excelsior/Liberty's Attempt to Confirm the Interim Award**

10. On or about June 15, 2015, which was only about two and a half months prior to the Debtor's Petition Date, Excelsior/Liberty filed a motion in the Eighth Judicial District Court, Clark County, Nevada (the "<u>Nevada State Court</u>"), thereby commencing the case styled as <u>Excelsior Media Corp. et al. v. Randazza</u>, Case No. A-15-719901-C (the "<u>State Court Action</u>"), thereby seeking to confirm the Interim Award and have formal judgment entered against Randazza (the "<u>Motion to Confirm</u>"). The Motion to Confirm was filed in the wrong jurisdiction, because

3

any action to enforce any arbitration award was contractually required to be venued in San Diego County, California.

11. On August 7, 2015, I, acting through new Nevada-based counsel at the law firm of Hutchison & Steffen, LLC, filed a lengthy *Opposition to Motion to Confirm Arbitration Award and Counter-motion to Vacate and/or Modify* the Interim Award. I was forced to retain new Nevada-based counsel to file this opposition because, notwithstanding the provisions in the applicable agreement requiring that any action to enforce any arbitration award be venued in San Diego County, California, Excelsior/Liberty filed its Motion to Confirm in Clark County, Nevada. As set forth in my opposition to the Motion to Confirm, there are substantial and significant disputes about the confirmability of the Interim Award and such award might otherwise be subject to modification, if not complete vacatur. A true and correct copy of my opposition to Excelsior/Media's Motion to Confirm the Interim Award (excluding exhibits) is attached hereto as **Exhibit 1**.

12. On August 24, 2015, Excelsior/Liberty filed its reply to my opposition and counter-motion in Nevada State Court. A true and correct copy of Excelsior/Liberty's reply (excluding exhibits) is attached to hereto as **Exhibit 2**.

13. As of the Petition Date, I incurred approximately $40,000.00 in fees and costs to his Nevada-based counsel in the State Court Action, and still owed them the sum of $29,656.40 [ECF No. 15, p. 21] as of the Petition Date, and exclusive of any additional fees and costs that may be incurred in the future should Excelsior/Liberty's Motion be granted and those proceedings be allowed to continue. My bankruptcy petition also was filed prior to my counsel's filing a reply relative to the cross-motion to vacate the Interim Award and prior to the hearing on the motions. As such, to the extent Excelsior/Liberty's Motion seeks to continue with the State Court Action (both with respect to the Motion to Confirm the Interim Award and any proceedings to confirm any later and/or final awards that the Arbitrator may enter in the future), I will not have the ability to pay for such fees and costs, which will obviously have a deleterious impact on my representation in those proceedings.

14. As a result of the foregoing practical concerns, and in an attempt to bring about a

4

more economical resolution of his financial issues, including but not limited to the Arbitration and State Court Case, I filed my bankruptcy petition prior to the Nevada State Court hearing and ruling on the Motion to Confirm and prior to my filing of a reply relative to his cross-motion to vacate the Interim Award.

15. On October 1, 2015, I attended his first meeting of creditors pursuant to section 341 of the Bankruptcy Code. At this meeting, counsel for Excelsior/Liberty stated his intent to file an objection to the dischargeability of its debts in the Chapter 11 Case. Such a filing by Excelsior/Liberty is presumably forthcoming, which filing will put the claims and issues at issue in the Arbitration and the State Court Case squarely before this Court for decision.

16. There is no indication as to when the Arbitration and Nevada State Court may finally decide all of the various matters before them if stay relief were granted, but it will almost certainly be many months after Excelsior/Liberty has filed its objection to the dischargeability of its debts and after those proceedings are well underway. Further, it is expected that State Court Action will be dismissed due to improper venue, thus requiring (presumably) Excelsior/Liberty to seek yet another stay relief order in order to seek to enforce the Interim Award in California.

17. As such, Excelsior/Liberty's Motion is part of a clear "divide and conquer" strategy of foisting as much costs in multiple forums on me as possible to run up costs and outspend me into submission, while also attempting to use those extraneous proceedings to obtain certain findings that it hopes may have issue preclusive effect in nondischargeability litigation it will soon be commencing in Bankruptcy Court. These attempts at outspending me and stretching him across multiple forums with the associated costs of multiple counsel are exactly the kind of tactics that a uniform and centralized bankruptcy case is meant to avoid.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: November 10, 2015.

                                         */s/ Marc John Randazza*
                                         MARC JOHN RANDAZZA, ESQ.

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169