James D. Greene, Esq., Nevada Bar No. 2647  
**GREENE INFUSO, LLP**  
3030 South Jones Boulevard, Suite 101  
Las Vegas, Nevada 89146  
Ph: (702) 570-6000  
Fax: (702) 463-8401  
E-mail: jgreene@greeneinfusolaw.com  

E-filed on: *May 11, 2016*

Attorneys for Creditors Liberty Media Holdings, LLC  
and Excelsior Media Corp.

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | Case No BK-15-14956-ABL |
|---|---|
| MARC JOHN RANDAZZA, | Chapter 11 |
| Debtor. | Hearing Date: May 25, 2016<br>Hearing Time: 1:30 p.m. |

**LIMITED OPPOSITION TO FIRST INTERIM FEE APPLICATION OF LARSON & ZIRZOW, LLC AS GENERAL REORGANIZATION COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

Creditors Excelsior Media Corporation and Liberty Media Holdings, LLC (collectively "Creditors"), by and through their counsel, James D. Greene, Esq. of the firm Greene Infuso, LLP, hereby file their Limited Opposition to the First Interim Fee Application of Larson & Zirzow, LLC as General Reorganization Counsel for the Debtor for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred ("Application"). Creditors do not object to the amount of fees or costs sought in the Application, but do object to three aspects of the Application.

First, Creditors dispute the Application's assertion that 75 percent of the Debtor's post-petition wages are exempt (and therefore may be used to pay fees related to dischargeability litigation) in light of the clear mandate in Bankruptcy Code Section 1115 that a Debtor's post-petition wages in Chapter 11 cases are property of the bankruptcy estate and the apparent failure of the Debtor to claim post-petition wages as exempt. The issue of whether post-petition wages may be claimed as exempt appears to be unsettled. The Debtor cites only a single case

addressing the issue, *In re Walley*, 525 B.R. 320 (Bankr. E.D. Va. 2015), but it is non-binding and did not address an exemption claim involving post-petition wages, but rather a post-petition auto accident settlement. Creditors submit that Congress' clear intent to include post-petition wages in Chapter 11 estates overrides the notion that 75 percent of such wages can be summarily removed from the estate. *See In re Seely*, 492 B.R. 284, 289 (Bankr. C.D. Cal. 2013) ("After the effective date of BAPCPA, …Chapter 11 debtors' post-petition wages became property of their bankruptcy estates under Section 1115(a)….").

In addition, however, in the case at bar the Debtor's Schedule C (copy attached as Exhibit 1) gives no indication that the Debtor is claiming an exemption in post-petition earnings. Although Schedule C references exemption claims under NRS 21.090(1)(g), nothing suggests the claim of exemption is intended to apply to post-petition wages.

Second, Creditors object to any of the fees incurred in connection with the dischargeability litigation initiated by Creditors (Application, ¶ 21 and totaling $24,397.50) from being paid from estate assets. This litigation involves solely claims asserting the non-dischargeability of debts and do not involve claim objections to Creditors' proof of claim or any other work that could conceivably benefit the bankruptcy estate.

Finally, Creditors object to payment of any fees from the estate for work related to the Cox adversary proceeding to the extent that it involves non-dischargeability claims. The Application states that such work is "minimal" (Application, ¶ 22), but any such work should be specifically identified and carved out of any portion of the fee award to be paid from the estate.

DATED this 11th day of May, 2016.

**GREENE INFUSO, LLP**

/s/ James D. Greene
James D. Greene, Esq.
Nevada Bar No. 2647
3030 South Jones Boulevard
Suite 101
Las Vegas, Nevada 89146

Attorneys for Creditors Liberty Media Holdings, LLC and Excelsior Media Corp.

## CERTIFICATE OF SERVICE

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On May 11, 2016 I served the document(s), described as: **LIMITED OPPOSITION TO FIRST INTERIM FEE APPLICATION OF LARSON & ZIRZOW, LLC AS GENERAL REORGANIZATION COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

Zachariah Larson, Esq.
Matthew C. Zirzow, Esq.
Larson & Zirzow, LLC
850 East Bonneville Avenue
Las Vegas, Nevada 89101

Office of the Chapter 11 Bankruptcy Trustee
300 South Las Vegas Boulevard
#4300
Las Vegas, Nevada 89101

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of May, 2016

_____
An employee of Greene Infuso, LLP

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000