LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

MARC JOHN RANDAZZA,

Debtor.

Case No.: BK-S-15-14956-abl
Chapter 11

Date: May 25, 2016
Time: 1:30 p.m.
Courtroom 1

**REPLY TO THE LIMITED OPPOSITION OF EXCELSIOR MEDIA CORPORATION AND LIBERTY MEDIA HOLDINGS, LLC TO THE FIRST INTERIM APPLICATION OF LARSON & ZIRZOW, LLC AS GENERAL REORGANIZATION COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

Marc John Randazza, as debtor and debtor in possession (the "Debtor"), by and through his counsel, the law firm of Larson & Zirzow, LLC ("L&Z"), hereby submits his reply (the "Reply") to the limited opposition (the "Opposition") [ECF No. 137] filed by Excelsior Media Corporation and Liberty Media Holdings, LLC (collectively, "Excelsior/Liberty") to the *First Interim Fee Application of Larson & Zirzow, LLC as General Reorganization Counsel for the Debtor for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred* (the "Fee Application") [ECF No. 129].[1]

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Fee Application.

A.      **Payment from Post-Petition Earnings.**

1.      Excelsior/Liberty apparently expresses no opposition to the allowance of all fees and costs in L&Z's Fee Application, but rather only to the payment thereof only to the extent such payment is sought from the Debtor's post-petition earnings. Specifically, the Fee Application sought the payment of less than $8,000 of the total $69,531.38 requested from pre-petition retainers and thereafter from exempt assets existing either on the Petition Date or generated thereafter in the form of post-petition earnings, and Excelsior/Liberty's objection is only as to the last item (*i.e.*, payment from post-petition earnings). Although L&Z does not agree with Excelsior/Liberty's position on the Debtor's ability to use his post-petition earnings to fund such litigations and/or the applicability of the exemption for such earnings, to avoid any issue in connection with the instant Fee Application, which is only an interim application in any event, L&Z withdraws without prejudice for now its request to be paid from the Debtor's post-petition earnings for any dischargeability litigations, thus mooting the issue for now of whether the such earnings are subject to exemption and/or may be used to pay for some or part of any of the nondischargeability litigations.

2.      For the avoidance of doubt, however, and notwithstanding the foregoing, as already stated in the Fee Application, L&Z is presently seeking such compensation and reimbursement of expenses from the Debtor's pre-petition exempt property (which exemptions have been fully allowed as the time to object thereto has long ago passed), and from existing-prepetition retainers, and is reserving its right to seek payment, should it be necessary, from post-petition earnings and/or assets of the bankruptcy estate (such as potential post-petition earnings) in conjunction with final fee applications after plan confirmation in this matter. As the caselaw cited in the Fee Application indicates, that is the most appropriate time to decide such matters because it will allow the Court to take a broader look at the specific work at issue as it impacts the Debtor's entire Chapter 11 Case as a whole, including the fact that, as in the case at hand, the litigations will involve adjudications of the underlying liability itself and prosecution of the Debtor's counterclaims, which matters are compensable from the estate, and separate and apart from the nondischargeability determinations themselves.

B. **Compensation for the Excelsior/Liberty Adversary Proceeding.**

3. Second, with respect to the Excelsior/Liberty Adversary in particular, the Debtor would generally agree with the observation in the Limited Opposition that most of the litigation to date in that adversary proceeding (*i.e.*, being the motion to dismiss and/or for partial summary judgment that has been argued and taken under submission for decision by the Court) has involved issues of nondischargeability, however, that will likely change as that case progresses. Indeed, the Debtor anticipates substantial issues with respect to adjudication of the underlying claims asserted by Excelsior/Liberty (and separate and apart from whether such claims are also nondischargeable), as well as the Debtor asserting his own counterclaims, both of which work is compensable from the estate as it involves the prosecution and defense of claims themselves. Regardless, for purposes of the instant Fee Application, and without prejudice to raising such arguments in conjunction with its <u>final</u> fee application, L&Z is not presently seeking to be paid for any work from the Debtor's post-petition earnings (as may be property of the estate pursuant to section 1115 of the Bankruptcy Code) for any work as it relates to the Excelsior/Liberty Adversary, but rather is presently only seeking to be paid from its pre-petition retainer in that matter.[2]

4. Excelsior/Liberty made a similar objection in conjunction with the Debtor's retention application for L&Z, which the Court also properly denied. Specifically, in opposition to the Debtor's application to retain L&Z, which retention application included not only the retention on behalf of the debtor as general bankruptcy counsel for the chapter 11 case, but also for the anticipated nondischargeability litigation with Excelsior/Liberty, they questioned the need for the Debtor's retention of counsel for an adversary proceeding that had not yet been filed. In response, the Debtor argued that he was merely trying to economize its retention application into one filing given the expected challenges that would be coming from Excelsior/Liberty, and that it made no sense to require the filing of multiple retention applications for the various aspects of

---

[2] To be sure, this concession is only made with respect to the instant first interim Fee Application only, and L&Z reserves any and all rights to seek payment from such sources as its relates to any subsequent interim applications (as well as the final application obviously).

the case when it was all but a foregone conclusion that Excelsior/Liberty would be filing such an action (which, of course, they thereafter did file). L&Z further argued that a retention application for general bankruptcy counsel will usually list any number of potential tasks that may arise in a chapter 11 case, and such retentions are regularly approved even if the professional does not actually end up having to perform all the tasks for which approval was sought. Further, L&Z argued that there is no requirement under the Bankruptcy Code and/or the Bankruptcy Rules that an estate or a debtor must necessarily wait until after an event happens and the need for counsel definitively arises (*i.e.*, like the filing of a nondischargeability complaint) before getting a professional's retention approved and at the ready. Lastly, L&Z argued that approval of its representations in potential nondischargeability litigation was needed <u>regardless</u> of whether compensation from the estate would be sought as a matter of disclosure. In other words, L&Z argued that it did not have the luxury of simply not filing a retention application to be retained for such potential litigations, but rather was required to do so.

**C.     Compensation for the Cox Adversary Proceeding.**

5.      Third, with respect to the compensation for time spent on the Cox Adversary, as the *Complaint* and the *Motion for Summary Judgment* to be filed in those matters indicate, which will be on file prior to the hearing on this Fee Application, all but two (2) hours of time was spent addressing adjudication of the underlying claim of $10,000,000 as asserted by Ms. Cox, which work is clearly compensable from the estate as it involves a claim objection. Indeed, as the motion for summary judgment indicates, the very limited arguments with respect to the dischargeability of Ms. Cox alleged claim are secondary and made in the alternative, and in fact only come into play if the claim objection itself is somehow denied. In fact, only approximately two (2) pages of the forty-five (45) page summary judgment motion addresses the alleged nondischargeable aspects of Ms. Cox's claims, and on a limited basis, whereas the rest of the pleading is a claim objection addresses the underlying allowance of the asserted claim itself, which work is compensable from the estate. As such, it is appropriate to allow L&Z compensation for all work done on the Cox Adversary, and for such work to be paid from pre-petition retainers until they are exhausted (or from pre-petition exempt property), and with the

payment of any unsatisfied balance and whether it can be paid from the Debtor's post-petition earnings or other assets of the estate to be deferred and heard in conjunction with a final fee application.

**D.   Clarification of Itemized Documentation for Costs.**

6.   In preparing this Reply, the Debtor realized that although the first page of Exhibit 3 to its Fee Application and the Fee Application itself contained a correct amount of costs incurred, the detailed backup attached to that same exhibit did not add up to the total amounts reflected on that first page summary. These two items did not "foot" with each other because the summary chart on the first page included costs for the entire Compensation Period through April 15, 2016, whereas the backup itemized lists attached thereto only were run through the end of March 2016 (*i.e.*, thus missing the last two weeks of the Compensation Period). As such, to complete the record and make sure it is correct, the first page of Exhibit 3 and the total costs requested in the Fee Application of $3,733.88 are all correct, and it is only the itemized backup that needed to be supplemented, which revised supplement run through April 15, 2016 is attached hereto as **Exhibit 1.**

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court grant the Fee Application, thereby allowing all fees and costs therein, and further allowing L&Z to be paid for all fees and costs allowed herein from either any pre-petition retainers or exempt assets that existed as of the Petition Date; *provided*, *however*, that L&Z shall not be compensated for any fees and costs allowed herein from any of the Debtor's post-petition earnings; and *provided*, *further*, that the issue of whether any unpaid fees and costs as allowed herein may be paid from any of the Debtor's post-petition earnings shall be deferred and fully reserved without prejudice to the time of any final fee application in this Chapter 11 Case.

. . .

. . .

. . .

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

The Debtor also requests such other relief as is just and proper.

Dated: May 18, 2016.

                          LARSON & ZIRZOW, LLC

By: /s/ Zachariah Larson
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT "1"

EXHIBIT "1"

Case 15-14956-abl    Doc 138    Entered 05/18/16 16:44:35    Page 8 of 9

| Matter # | Client Name / Description | | | Resp | Law | Type | |
|---|---|---|---|---|---|---|---|
| | Date | Ref# | Explanation | | | | Amount Billed |
| 3281-005 | Randazza, Marc | | | MCZ | | bank | |
| | Crystal Cox Adversary | | | | | | |
| | 3/29/2016 | X0540 | phx  Photocopy Expense | | | | 122.25  N |
| | 4/4/2016 | X0543 | phx  Photocopy Expense | | | | 65.50  N |
| | | | Total Photocopy Expense | | | | 187.75 |
| | | | Total | | | | 187.75 |
| 3281-003 | Randazza, Marc | | | MCZ | | bank | |
| | Liberty & Excelesior Adversary | | | | | | |
| | 12/1/2015 | X0506 | crx  Courier Expense | | | | 10.00  N |
| | | | Total Courier Expense | | | | 10.00 |
| | 11/30/2015 | X0504 | phx  Photocopy Expense | | | | 12.25  N |
| | 1/22/2016 | X0519 | phx  Photocopy Expense | | | | 178.25  N |
| | 2/10/2016 | X0526 | phx  Photocopy Expense | | | | 5.25  N |
| | 3/16/2016 | X0535 | phx  Photocopy Expense | | | | 65.00  N |
| | 3/15/2016 | X0536 | phx  Photocopy Expense | | | | 17.50  N |
| | | | Total Photocopy Expense | | | | 278.25 |
| | 3/15/2016 | X0536 | psx  Postage Expense | | | | 2.08  N |
| | | | Total Postage Expense | | | | 2.08 |
| | 11/30/2015 | 2006 | Tran Transcripts - CD - BK-S-15-01108-abl | | | | 30.00  N |
| | | | Total Transcripts | | | | 30.00 |
| | 1/1/2016 | X0514 | Pacx Pacer / DAP Expense | | | | 0.40  N |
| | 2/1/2016 | X0523 | Pacx Pacer / DAP Expense | | | | 6.70  N |
| | 3/1/2016 | X0531 | Pacx Pacer / DAP Expense | | | | 0.80  N |
| | 4/1/2016 | X0542 | Pacx Pacer / DAP Expense | | | | 6.30  N |
| | | | Total Pacer / DAP Expense | | | | 14.20 |
| | 3/14/2016 | X0535 | scx  Scan Expense | | | | 7.50  N |
| | 3/15/2016 | X0535 | scx  Scan Expense | | | | 137.50  N |
| | 3/15/2016 | X0535 | scx  Scan Expense | | | | 56.25  N |
| | | | Total Scan Expense | | | | 201.25 |
| | | | Total | | | | 535.78 |
| 3281-004 | Randazza, Marc | | | MCZ | | bank | |
| | Post-Petition Chapter 11 Bankruptcy | | | | | | |
| | 9/9/2015 | 1862 | crx  Courier Expense | | | | 24.00  N |
| | 9/9/2015 | 1862 | crx  Courier Expense | | | | 47.00  N |
| | 10/1/2015 | X0484 | crx  Courier Expense | | | | 10.00  N |
| | 10/1/2015 | X0484 | crx  Courier Expense | | | | 10.00  N |
| | 10/29/2015 | 1898 | crx  Courier Expense | | | | 25.00  N |
| | 11/1/2015 | X0492 | crx  Courier Expense | | | | 10.00  N |
| | 12/1/2015 | X0506 | crx  Courier Expense | | | | 10.00  N |
| | 12/1/2015 | X0506 | crx  Courier Expense | | | | 10.00  N |
| | | | Total Courier Expense | | | | 146.00 |
| | 11/2/2015 | X0491 | lex  Lexis/Westlaw | | | | 9.75  N |
| | 12/1/2015 | X0505 | lex  Lexis/Westlaw | | | | 48.12  N |
| | 2/1/2016 | X0527 | lex  Lexis/Westlaw | | | | 130.00  N |
| | 4/1/2016 | X0541 | lex  Lexis/Westlaw | | | | 978.69  N |
| | | | Total Lexis/Westlaw | | | | 1166.56 |
| | 9/10/2015 | X0476 | phx  Photocopy Expense | | | | 11.25  N |
| | 9/11/2015 | X0476 | phx  Photocopy Expense | | | | 7.00  N |
| | 9/22/2015 | X0479 | phx  Photocopy Expense | | | | 693.25  N |
| | 10/1/2015 | X0485 | phx  Photocopy Expense | | | | 183.50  N |
| | 10/2/2015 | X0485 | phx  Photocopy Expense | | | | 0.25  N |
| | 10/29/2015 | X0490 | phx  Photocopy Expense | | | | 19.50  N |
| | 10/30/2015 | X0490 | phx  Photocopy Expense | | | | 41.25  N |
| | 10/8/2015 | X0487 | phx  Photocopy Expense | | | | 27.25  N |
| | 10/15/2015 | X0488 | phx  Photocopy Expense | | | | 23.50  N |
| | 11/4/2015 | X0493 | phx  Photocopy Expense | | | | 25.50  N |
| | 11/6/2015 | X0494 | phx  Photocopy Expense | | | | 54.00  N |
| | 11/9/2015 | X0494 | phx  Photocopy Expense | | | | 4.75  N |
| | 11/12/2015 | X0495 | phx  Photocopy Expense | | | | 59.50  N |
| | 1/17/2015 | X0500 | phx  Photocopy Expense | | | | 33.00  N |
| | 12/16/2015 | X0509 | phx  Photocopy Expense | | | | 13.25  N |
| | 1/20/2016 | X0517 | phx  Photocopy Expense | | | | 4.25  N |
| | 3/30/2016 | X0540 | phx  Photocopy Expense | | | | 10.25  N |
| | | | Total Photocopy Expense | | | | 1211.25 |
| | 9/10/2015 | X0476 | psx  Postage Expense | | | | 23.52  N |
| | 9/11/2015 | X0476 | psx  Postage Expense | | | | 3.43  N |
| | 9/22/2015 | X0479 | psx  Postage Expense | | | | 74.64  N |
| | 10/2/2015 | X0485 | psx  Postage Expense | | | | 0.49  N |
| | 10/30/2015 | X0490 | psx  Postage Expense | | | | 28.91  N |
| | 11/6/2015 | X0494 | psx  Postage Expense | | | | 26.46  N |
| | 11/12/2015 | X0495 | psx  Postage Expense | | | | 3.18  N |
| | 12/16/2015 | X0509 | psx  Postage Expense | | | | 30.21  N |
| | | | Total Postage Expense | | | | 190.84 |
| | 9/18/2015 | 1866 | ffee Filing Fee - USBC *9/10 | | | | 30.00  N |
| | 11/20/2015 | 1920 | ffee Filing Fee - USBC *10/23 | | | | 30.00  N |
| | 12/18/2015 | 1928 | ffee Filing Fee - USBC *12/02 | | | | 30.00  N |
| | | | Total Filing Fee | | | | 90.00 |
| | 9/1/2015 | X0471 | Pacx Pacer / DAP Expense | | | | 51.70  N |
| | 10/1/2015 | X0483 | Pacx Pacer / DAP Expense | | | | 5.20  N |
| | 10/1/2015 | X0483 | Pacx Pacer / DAP Expense | | | | 1.30  N |
| | 10/22/2015 | 1893 | Pacx Pacer / DAP Expense Clarkefileid *10/02 | | | | 12.00  N |
| | 10/22/2015 | 1893 | Pacx Pacer / DAP Expense Clarkefileid *10/02 | | | | 12.00  N |

| Matter # | Client Name Description | | | | Resp | Law Type | | |
|---|---|---|---|---|---|---|---|---|
| | Date | Ref# | Explanation | | | | Amount | Billed |
| | 11/1/2015 | X0492 | Pacx Pacer / DAP Expense | | | | 24.80 | N |
| | 11/1/2015 | X0492 | Pacx Pacer / DAP Expense | | | | 13.20 | N |
| | 11/20/2015 | 1920 | Pacx Pacer / DAP Expense | *11/10 | | | 12.00 | N |
| | 2/1/2016 | X0523 | Pacx Pacer / DAP Expense | | | | 1.30 | N |
| | 3/1/2016 | X0531 | Pacx Pacer / DAP Expense | | | | 1.00 | N |
| | 4/1/2016 | X0542 | Pacx Pacer / DAP Expense | | | | 20.80 | N |
| | 3/1/2016 | X0531 | Pacx Pacer / DAP Expense | | | | 0.40 | N |
| | | | | | Total Pacer / DAP Expense | | 155.70 | |
| | 3/24/2016 | X0539 | scx Scan Expense | | | | 13.75 | N |
| | 3/24/2016 | X0539 | scx Scan Expense | | | | 36.25 | N |
| | | | | | Total Scan Expense | | 50.00 | |
| | | | | | Total | | 3010.35 | |
| | | | | | Firm Total | | 3733.88 | |

REPORT SELECTIONS - Disbursement Analysis and Interest

| | | | |
|---|---|---|---|
| Layout Template: | Default | | |
| Requested by: | CS | | |
| Finished: | Tuesday, April 19, 2016 at 12:23:45 PM | | |
| Selection: | Disbursement History | | |
| Matters: | 3281-005 3281-006 3281-003 3281-004 | | |
| Clients: | All | | |
| Major Clients: | All | Matters Sort by: | Default |
| Responsible Lawyer: | All | New Page for Each Lawyer: | No |
| Client Intro Lawyer: | All | Calculate Interest: | No |
| Assigned Lawyer: | All | Calc Interest To: | 4/19/2016 |
| Include Billed: | Billed and unbilled | Include Paid: | Paid and unpaid |
| Type of Law: | All | Interest Rate: | 0.00 |
| Matter Intro Lawyer: | All | Show Firm Totals: | No |
| Select From: | Active, Inactive Matters | | |
| Billed up to: | All | Show Totals Only: | No |
| Summarize by Resp. Lawyer: | No | Summarize by Type of Law: | No |
| Summary by Explanation Codes: | No | | |
| Ver: | 14.0 (14.0.20140812) | Receipt up to: | 4/19/2016 |