James D. Greene, Esq., NV Bar No. 2647     E-filed on: July 6, *2016*
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Ph: (702) 570-6000
Fax: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

Attorneys for Creditors Excelsior Media Corp.
and Liberty Media Holdings, LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

In re:

MARC JOHN RANDAZZA,

                Debtor.

Case No BK-15-14956-LBR

Chapter 11

**RESPONSE TO DEBTOR'S MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

**Hearing Date: July 20, 2016**
**Hearing Time: 1:30 p.m.**

     Creditors Excelsior Media Corp. ("Excelsior") and Liberty Media Holdings, LLC ("Liberty") (collectively Excelsior and Liberty shall be referred to herein as "Creditors"), by and through their counsel, James D. Greene, Esq. of Greene Infuso, LLP, hereby file their Response to Debtor's Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 ("Motion"). At the outset, Creditors wish to make it clear to the Court that they support approval of the Motion and the Settlement Agreement it addresses. The filing of this Response is not intended as, and should not be construed as, an objection to Court approval of the settlement.

     Creditors further recognize that Debtor has indicated in footnote 1 of the Motion that he acknowledges that certain of the factual assertions contained in the Motion are disputed by Creditors and that, whether Creditors contest those factual issues or not in the context of the instant Motion, Creditors are in no way admitting that Debtor's allegations are true. *See* Motion,

1

page 2, line 27.  However, certain of the allegations contained in the Motion warrant comment by Creditors despite Debtor's qualifying statement.

The instant Motion is a routine motion to approve a settlement to which the Debtor and numerous other parties have agreed as a resolution of certain state court litigation.  One is left to wonder why the Debtor has included in the Motion such a detailed and highly charged set of facts, many of which are completely irrelevant to the Court's consideration of the merits of the Motion.  When Debtor's factual recitation is compared to his own prior representations to others, including statements made under oath, his purpose becomes clear -- he hopes to persuade this Court that he is a victim before the Court hears future matters, including those pertaining to dischargeability, the Debtor's management of the estate and other issues that may turn on his credibility.

Debtor's misguided criticisms of the IAA are an example of Debtor's attempt to portray himself as a victim.  In paragraph 18 of the Motion, Debtor criticizes the IAA issued by an independent arbitrator who is a retired judge and who works for one of the most prestigious and highly respected dispute resolution agencies in the country ("JAMS").  Debtor refers to the IAA as a "miscarriage of justice riddled with error" that "omitted all causal nexus and fashioned an award based on whimsy…" *See* Motion, page 5, lines 15-20.  Elsewhere in the Motion, Debtor asserts that "the IAA is rife with internal inconsistencies, contains remedies that are contrary to both California and Nevada law, and, on its face, demonstrate such manifest error and such a degree of substantive and procedural bias, that it should be discounted on its face." *See* Motion, page 7, lines 14-16.  In making these criticisms, Debtor ignores the following facts: (1) he drafted the employment agreement containing the arbitration provision which specifically identifies JAMS as an acceptable dispute resolution agency; (2) the arbitration process lasted over two years with extensive discovery and motion practice; (3) the arbitration hearing lasted five days and Debtor and his attorneys had an opportunity to present any relevant evidence and cross examine all witnesses; and (4) as noted above, the arbitrator is a retired former judge with impeccable credentials who was approved by Debtor and Creditors at the inception of the arbitration process. Debtor's strident and unfounded criticism of the IAA is no more than the whining of a sore loser

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

whose claims are devoid of merit. Given that Debtor's baseless criticism of the IAA is completely irrelevant to this Motion, one can only surmise that his reason for including it is an effort to prejudice the Court in his favor. Such an effort will undoubtedly be unavailing.

Many of the alleged "facts" in the Motion not only strain credibility but contradict statements made and positions taken by Debtor in other contexts, some under oath. For instance, in both his Motion to Dismiss Creditor's complaint in the Adversary Proceeding (Adversary Docket No. 19) and in the instant Motion (e.g. paragraphs 5 and 6) Debtor goes to great lengths to emphasize the legal separateness of Excelsior and Liberty and to assert that he was employed by and performed services only for Excelsior pursuant to the employed agreement. Yet in a sworn declaration submitted in the JAMS arbitration dated March 29, 2013, Debtor went to great lengths to describe the extent of the services he rendered beyond the scope of his general counsel duties and he argued vociferously that Excelsior and Liberty are alter egos of one another. *See* Declaration of Marc J. Randazza attached as **Exhibit 1** hereto, ¶¶ 11-12 and 20-27. In addition, in his sworn testimony during the arbitration hearing, Debtor testified that from 2009 on he did almost no work for Excelsior and that "the vast majority of the work [Debtor] did was for its subsidiary [Liberty]." See Randazza Arbitration Testimony dated February 9, 2015 attached as **Exhibit 2** hereto, page 37, lines 17-20.

At the arbitration, Randazza also testified that, although he was given business cards for Excelsior, Liberty and Corbin Fisher (the trade and website name for Creditors) he used only Corbin Fisher cards because "Corbin Fisher is really the trade name that all of this is underneath." See Exhibit 2 hereto, page 38, lines 8-9. Thus, Randazza's positon at that time was that Creditors and Corbin Fisher were operated as a single enterprise. Similarly, Randazza testified at the arbitration that he had switched to using Randazza Law Group letter head on demand letters because doing so created a more effective impression with recipients of the letters. *See* Exhibit 2 hereto, page 55, lines 11-24. Thus, Debtor's current adamant positions that Excelsior and Liberty are separate legal entities and that all the work he did under his employment agreement was for

3

Excelsior are, at best, disingenuous.[1] The fact is, Debtor's incessant complaining about getting a raw deal from the arbitrator and his assertion of positions contrary to his sworn testimony illustrate that the Court can put no faith in Debtor's "factual" allegations.

As a final matter, Creditors wish to emphasize that the Reservation of Rights referenced in paragraph 46 of the Motion similarly applies to Creditors. Specifically, paragraph 4 of the Settlement Agreement provides that the Parties (which is defined to include the RLG Parties and the LMH Parties) reserve all of their rights to assert any available claims in the JAMS arbitration, the Adversary Proceeding and any right to address proofs of claim filed in Debtor's bankruptcy case. Thus, by entering into the instant Settlement Agreement, Creditors, like Debtor and his bankruptcy estate, do not waive any rights related to bankruptcy specific litigation or the issueS in the JAMS arbitration.

DATED this 6th day of July 2016.

GREENE INFUSO, LLP

　/s/ James D. Greene
James D. Greene, Esq.
3030South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

---

[1] Creditors do not admit or concede they are alter egos of one another. Rather, the purpose of this discussion is to illustrate the "fluid" nature of the positions Debtor has taken and his ability to change his position when it is convenient.

# CERTIFICATE OF SERVICE

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On July 6, 2016 I served the document(s), described as:

**RESPONSE TO DEBTOR'S MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

Matthew C. Zirzow, Esq.
LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated, this 6th day of July, 2016

/s/ Frances M. Ritchie
An employee of Greene Infuso, LLP

5