———————————————————————
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
January 12, 2017
———————————————————————



Ogonna M. Brown, Esq. (NV Bar No. 7589)
Email: obrown@nevadafirm.com
Andrea M. Gandara, Esq. (NV Bar No. 12580)
Email: agandara@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:     702/791-1912
***Attorney for Clay Douglass***

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

MARC JOHN RANDAZZA aka
MARCO RANDAZZA,

　　　　Debtor.

Case No. BK-S-15-14956-ABL
Chapter 11

**ORDER GRANTING STIPULATION TO MODIFY THE AUTOMATIC STAY TO NAME DEBTOR NOMINALLY TO PURSUE INSURANCE POLICY AND WAIVE THE 14-DAY STAY UNDER 4001(a)(3) WITH NO ENFORCEMENT OF ANY JUDGMENT AGAINST DEBTOR**

Date of Hearing:　　N/A
Time of Hearing:　　N/A
Place: Courtroom No. 1, Third Floor
　　　　Foley Federal Building
　　　　300 Las Vegas Blvd., S.
　　　　Las Vegas, NV 89101

Judge: Hon. August B. Landis

　　　Creditor Clay Douglass ("Mr. Douglass"), by and through his counsel, Ogonna M. Brown, Esq. and Andrea M. Gandara, Esq. of the law firm of Holley Driggs Walch Fine Wray Puzey and Thompson and Debtor Marc John Randazza (the "Debtor"), by and through his

11264-01/1819768.doc

counsel, Larson & Zirzow, entered into that certain Stipulation to Modify the Automatic Stay to name Debtor Nominally to Pursue Insurance Policy and Waive the 14-day Stay Under 4001(a)(3) with no Enforcement of any Judgment Against the Debtor (the "Stipulation").[1]

The Court, having read and considered the Stipulation and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Stipulation is approved;

**IT IS FURTHER ORDERED** that the automatic stay shall hereby be modified to allow Mr. Douglass to name Debtor nominally to only pursue any and all applicable malpractice insurance policies held by MJRPA and/or the Debtor at all relevant times, arising from his alleged losses due to the Arbitration Award entered against Mr. Douglass and all alleged fees and costs associated with the Arbitration Award, including but not limited to, interest on the Arbitration Award, administrative fees and expenses, attorneys' fees and costs associated with the Arbitration Award;

**IT IS FURTHER ORDERED** that waiver of the 14-day stay pursuant to Fed. R. Bankr. P. 4003(e) is appropriate, such that this Order shall be effective immediately upon its entry; and

**IT IS FURTHER ORDERED** that Mr. Douglass shall not seek to enforce any judgment against Debtor, his estate or any assets of the estate, to the extent any such judgment is obtained.

**IT IS FURTHER ORDERED** that nothing herein is intended or should be construed as waiving or releasing any claims, arguments, or defenses: (1) the Debtor, MJRPA and/or his estate may have to disallow the Proof of Claim, any liability allegedly arising out of or related to the Arbitration, the Arbitration Award, or any claim(s) associated with, arising out of, or in any way related to all of the foregoing; (2) any applicable rights, claims or defenses of any holder(s) of any and all applicable malpractice insurance policies may have.

**IT IS SO ORDERED.**

. . .

. . .

. . .

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Stipulation.

11264-01/1819768.doc

1 | Prepared and submitted by:

2 | **HOLLEY DRIGGS WALCH**
**FINE WRAY PUZEY & THOMPSON**

Ogonna M. Brown, Esq. (NBN 7589)
Andrea M. Gandara, Esq. (NBN 12580)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorney for Clay Douglass*

### 

11264-01/1819768.doc