James D. Greene, Esq., NV Bar No. 2647
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Ph: (702) 570-6000
Fax: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

Wendy Medura Krincek, Esq. NV Bar No. 6417
**LITTLER MENDELSON, P.C.**
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169-5937
Ph: (702) 862-8800
Fax: 702-862-8811

Attorneys for Excelsior Media Corp.
And Liberty Media Holdings, LLC

E-filed on: *March _13, 2017*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| In re: | Case No BK-15-14956-ABL |
|---|---|
| MARC JOHN RANDAZZA, | Chapter 11 |
| Debtor. | **EX PARTE APPLICATION FOR ORDER DIRECTING EXAMINATION PURSUANT TO FED.R.BANKR.P.2004 OF MARC J. RANDAZZA** |

Creditors Excelsior Media Corp. ("Excelsior") and Liberty Media Holdings, LLC ("Liberty" and together with Excelsior, "Creditors"), by and through their counsel, James D. Greene, Esq. of Greene Infuso, LLP pursuant to section 105 of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of Bankruptcy Practice and Procedure, hereby apply to the Court for entry of order directing Debtor Marc J. Randazza ("Debtor") to appear for and submit to examination under oath before certified court reporter at the office of Greene Infuso, LLP, 3030 South Jones Blvd. Suite 101, Las Vegas, Nevada 89146 on a date and time to be determined, providing that notice of said examination is to be provided no less than 10 judicial days before such examination date. In support of this application ("Application"), Creditors state as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are Bankruptcy Code section 105, Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004.

## FACTUAL BACKGROUND

Debtor filed his bankruptcy petition on August 28, 2015 ("Petition Date"). Prepetition, Creditors had been awarded sums by an arbitrator pursuant to an Interim Arbitration Award ("IAA") that was issued after a 5-day arbitration hearing in February 2015.

On or about November 30, 2015, Creditors filed an adversary proceeding seeking a determination that the debts owed to Creditors were non-dischargeable pursuant to Bankruptcy Code section 523(a) (2), (4) and (6). There has been extensive motion practice in the adversary proceeding and to date no discovery has been conducted.

During the course of the bankruptcy case, Debtor has operated his law practice and otherwise carried on ordinary living activities. Most recently, Debtor filed a motion seeking court approval of a refinancing transaction (docket no. 176) ("Refinance Motion") supported by a declaration of Debtor (docket no. 177). Numerous statements and representations made in these documents raise question about Debtor's ownership interests in certain entities, a marital pre-nuptial agreement and certain financial dealings. Creditors also have questions about certain pre-petition activities of Debtor and assets listed or, perhaps not listed, on his schedules. In conjunction with this examination, Creditor intends to issue one or more subpoenas seeking production of certain documents from Debtor. No relief is being sought from the Court in connection with production of documents.

The statute of limitations for Debtor to pursue avoidance actions is, in this case, two years from the Petition Date, or August 28, 2017. Debtor has not filed any avoidance actions and has given no hint of his intent to do so. Creditors do not presently have information sufficient to make a demand of Debtor to commence any such action, but seek to examine Debtor and to

GREENE INFUSO, LLP
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

review certain records to determine whether grounds are present to make such a demand. Accordingly, Creditors request that the Court enter an order requiring Debtor to appear at the office of Creditors' counsel to be examined upon not less than 10 judicial days' notice.

## **LEGAL ARGUMENT**

An examination pursuant to Bankruptcy Rule 2004 can be ordered [o]n motion of any party in interest." *In re Stasz*, 387 B.R. 271, 273 n.3 (B.A.P. 9th Cir. 2008); *see also In re Lifeco Inv. Grp.*, Inc., 173 B.R. 478, 480 (Bankr. D. Del 1994), quoting Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or… any other matter relevant to the case or tot the formulation of a plan." Fed. R. Bankr. P. 2004(b); *see also In re Dinubilo*, 177 B.R. 932, 936 n.6 (E.D. Cal. 1993) (noting that "[u]nder Rule 2004, a court may order the examination of any person on motion of any party in interest."). Generally, examinations under Bankruptcy Rule 2004 are for the "purpose of discovering assets and unearthing frauds." *In re Rafsky*, 300 B.R. 152, 153 n.2 (Bankr. D. Conn. 2003) (citation omitted); *In re N. Plaza LLC,* 395 B.R. 113, 122 n.9 (S.D. Cal. 2008).

The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See 9 Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinublilo*, 177 B. R. at 939 *quoting In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The broad latitude of Bankruptcy Rule 2004 examination furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate. *In re Int'l Fibercom, Inc*., 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004 examination aimed at "obtaining information that will … potentially uncover additional claims that may exist for the benefit of the estate"); *see also In re W & S Investments, Inc.,* 985 F.2d 577 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device…"); *In re French*, 145 B. R 991, 992 (Bankr. D.S.D. 1992) ("Bankruptcy Rule 2004… does not offer the procedural safeguards available under Rule 26 of the Federal Rule Rules of Civil Procedure.").

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

The information and documents which Creditors seek through this Application relate to matters that are clearly with the permitted scope of Rule 2004, including: (i) property of the Debtor's bankruptcy estate; (ii) transactions and business dealings involving the Debtor and family members and corporate entities; (iii) potential claims the Creditor may have against third parties; and (iv) other matters affecting the administration of the Debtor's estate.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Creditors respectfully request that the Court enter an order directing Mr. Randzazza to appear for and submit to an examination under oath before a certified court report at the office of Greene Infuso, LLP on a date to be set on no less than 10 judicial days' notice.

DATED this _13th day of March, 2017.

**GREENE INFUSO, LLP**

/s/ James D. Greene
JAMES D. GREENE, ESQ.
3030   South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

4

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

## CERTIFICATE OF SERVICE

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On March 13, 2017 I served the document(s), described as:

**EX PARTE APPLICATION FOR ORDER DIRECTING EXAMINATION PURSUANT TO FED.R.BANKR.P.2004 OF MARC J. RANDAZZA**

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

Matthew Zirzow, Esq.
Larson & Zirzow
850 E. Bonneville Ave.
Las Vegas Nevada 89101

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated, this 13th day of March, 2017

/s/ Frances M. Ritchie
An employee of Greene Infuso, LLP

5