James D. Greene, Esq., NV Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Ph: (702) 570-6000
Fax: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

E-filed on: M*ay 2, 2017*

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>MARC JOHN RANDAZZA<br>　　　　　Debtors.<br><br>EXCELSIOR MEDIA CORP., a Nevada Corporation; and LIBERTY MEDIA HOLDINGS, LLC, a Nevada Limited Company,<br>　　　　　Plaintiffs,<br>v.<br>MARC JOHN RANDAZZA, an individual,<br>　　　　　Defendant. | Case No BK-15-14956-ABL<br>Chapter 11<br><br>Adversary Proceeding No. 15-01193-ABL<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER CONFIRMING INTERIM ARBITRATION AWARD**<br><br>**Hearing Date: April 18, 2017**<br>**Hearing Time: 1:30 p.m.** |

Plaintiffs Excelsior Media Corp. ("Excelsior") and Liberty Media Holdings, LLC., ("Liberty" and with Excelsior, "Plaintiffs"), by and through their counsel, James D. Greene, Esq., of Greene Infuso, LLP hereby file their Supplemental Brief addressing application of Bankruptcy Code section 108(c).

1

At the hearing on the Plaintiffs' Motion to Confirm ("Motion") held at the above date and time, the Court raised the issue of whether Bankruptcy Code Section 108(c) eliminated any argument by the Debtor that the Motion to Confirm was not timely filed. Neither of the parties had previously raised this issue and it had not been briefed. At the conclusion of the hearing, the Court advised the parties that they could file a supplemental brief addressing whether section 108 would apply in this instance. For the reasons discussed below, section 108 clearly does apply and, even if the Debtors' argument that the Motion to Confirm was not timely filed has merit otherwise, section 108(c)(2) means that the Motion to Confirm was timely filed.

Bankruptcy Code Section 108 deals with extensions of time. Section 108(c) provides a as follows:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of-
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Debtor's position that the Motion to Confirm was not timely filed because it was not filed within one year of the issuance of the IAA as allegedly required by the FAA is without merit for the reasons stated in Plaintiff's Reply in Support of the Motion to Confirm. See ECF 142, pp. 19-20. However, even if this argument has any merit whatsoever, section 108(c)(2) would make the Motion to Confirm timely. Here, applicable non-bankruptcy law (the FAA, assuming it applies) would require a motion to confirm to be filed within one year of issuance. Section 108(c), however, extends this period to the *later* of the statutorily mandated deadline or 30 days after relief from the automatic stay is granted to permit the filing to occur. *See In re Spirtos,* 221 F.3d 1079, 1081 (9th Cir. 2000); *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425, 1428 (9th Cir. 1989).

The logic behind section 108(c) is obvious: It would be grossly inequitable to permit a debtor to file bankruptcy when a creditor/litigant had (as in this case) a timely-filed motion to confirm pending, oppose relief from stay, and then when the motion to confirm is filed an adversary proceeding, to claim it is not timely. Accordingly, the Court should ignore Debtor's arguments relating to the alleged untimeliness of the Motion to Confirm.

DATED this 2nd day of May, 2017.

>GREENE INFUSO, LLP
>  /s/ James D. Greene
> James D. Greene, Esq.
> Nevada Bar No. 2647
> 3030 South Jones Boulevard, Suite 101
> Las Vegas, Nevada 89146

3

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On May 2, 2017 I served the document(s), described as:

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ORDER CONFIRMING INTERIM ARBITRATION AWARD**

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

Zachariah Larson, Esq.
Matthew Zirzow, Esq.
LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated, this 2 day of May, 2017

/s/ Frances M. Ritchie
An employee of Greene Infuso, LLP

**GREENE INFUSO, LLP**
3030 South Jones Boulevard Suite 101
Las Vegas, Nevada 89146
(702) 570-6000