LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>    Debtor. | Case No.: BK-S-15-14956-abl<br>Chapter 11<br><br>Date: July 31, 2018<br>Time: 1:30 p.m. |

**DEBTOR'S REPLY TO OPPOSITION TO ORDER TO SHOW CAUSE WHY STEPHEN HABERFELD AND JAMS, INC. SHOULD NOT BE COMPELLED TO COMPLY WITH THE ORDER APPROVING SETTLEMENT AGREEMENT AND/OR HELD IN CONTEMPT AND SANCTIONED FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

Debtor, Marc John Randazza ("Mr. Randazza"), respectfully submits his reply (the "Reply") to the opposition (the "Opposition") [ECF No. 245] filed by JAMS, Inc. ("JAMS") and Stephen Haberfeld (the "Arbitrator" and together with JAMS, the "JAMS Parties") to the *Order to Show Cause Why Stephen Haberfeld and JAMS, Inc. Should Not Be Compelled to Comply With the Order Approving Settlement Agreement and/or Held in Contempt and Sanctioned for Willful Violations of the Automatic Stay* (the "OSC") [ECF No. 238], which was sought by Mr. Randazza pursuant to his *Motion for Order to Show Cause Why Stephen Haberfeld and JAMS, Inc. Should Not Be Compelled to Comply With the Order Approving Settlement Agreement and/or Held in Contempt and Sanctioned for Willful Violations of the Automatic Stay* (the "Motion") [ECF No.

236].[1]  In support of this Reply, Mr. Randazza respectfully represents as follows:

1. As of the time of the filing of this Reply, Mr. Randazza has circulated drafts of proposed stipulations and orders to resolve the disputes at issue herein with both the JAMS Parties and the Excelsior Parties, which proposed resolutions he hopes will be agreed to and filed with the Court prior to the hearing on the OSC.  Because such proposed resolutions have not been agreed to or finalized as of the deadline for submission of this Reply, however, Mr. Randazza is compelled to file this Reply to ensure that his rights and remedies are fully preserved pending the hearing, and in the event the parties are unable to resolve this prior to then.

2. In their Opposition, and only after asking that Mr. Randazza's Motion and the OSC be denied, the JAMS Parties also request, apparently in the alternative, and as their third and final request for relief, that the Court "determin[e] as a matter of Bankruptcy Court jurisdiction that the IAA be deemed dismissed and vacated and authorizing the Arbitrator and JAMS to close the Arbitration case without further orders."  Opposition, p. 14.  Mr. Randazza agrees with this resolution with the exception that contempt should still be found against the JAMS Parties.

3. The JAMS Parties were well aware of the existence of the automatic stay in the Chapter 11 Case (indeed the JAMS Parties received multiple direct emails from counsel regarding Mr. Randazza's commencement of his Chapter 11 Case), and their excuse that the Debtor did not inform them of "his position that the stay continued" is no excuse at all.  Indeed, in spite of clearly knowing of the pendency of Mr. Randazza's bankruptcy and of the automatic stay, and making absolutely no effort whatsoever to even attempt to contact Mr. Randazza's bankruptcy counsel upon receiving the Arbitration Dismissal Stipulation as ordered and directed by this Court in its Settlement Order, the JAMS Parties instead proceeded in violation of the automatic stay and, in any event, certainly in direct contravention of the Bankruptcy Court's Settlement Order by entering the Arbitration OSC.  This Court's Settlement Order to dismiss the Arbitration and vacate the IAA was not an "invitation," as the Opposition absurdly labels it, to take those actions as directed by this Court, but rather a clear direction from the Court, which had exclusive and federal preemptive

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Motion.

1 jurisdiction over the Debtor and the disputes at issue, to take such actions without exception. The Arbitrator's opinions about the propriety of this Court's decisions, including this Court's refusal to confirm the IAA and/or of this Court's approval of the Settlement Agreement between the Debtor and the Excelsior Parties, including this Court's approval to direct a vacatur of the IAA and a dismissal of the Arbitration, are completely irrelevant, yet he still chose to re-interpose himself in the dispute quite unnecessarily and inappropriately, thereby leaving Mr. Randazza with little choice but to defend himself and the Settlement Agreement he has already started to perform--which settlement is a linchpin in the resolution of his entire Chapter 11 Case--by filing the OSC Application.

4. Accordingly, the Court should find contempt, and, at an absolute minimum, should also impose the very remedy that the contumacious parties agree to: the Court should issue an order that the IAA is vacated with prejudice and the Arbitration dismissed with prejudice in its entirety, with the Arbitrator no longer empowered to take any action. Mr. Randazza requests that his reasonable attorneys' fees and costs be awarded either in having to bring and maintain these OSC proceedings under a theory of contempt for the stay violations, or in the alternative, for the JAMS Parties' clear contravention of the Settlement Agreement as approved and enforced by this Court's Settlement Order. In this regard, it is noteworthy that even after fully receiving the OSC paperwork, as well as the Settlement Motion, Settlement Agreement, and Settlement Order, the JAMS Parties' appear to try and "hedge their bets" because they withdraw the Arbitration OSC, yet do so without prejudice, thereby leaving open the possibility that they may still take action in the future in violation of the stay and/or in contravention of this Court's Settlement Order as approving the Settlement Agreement. In other words, even accepting the JAMS Parties' argument that they were blissfully unaware of anything at the time the Arbitrator entered the Arbitration OSC, such excuse obviously has no validity once they fully had received the OSC paperwork and related items, yet they still leave open the possibility that this Arbitrator may still act. The Court should not allow such gamesmanship and flouting of its very clear and direct order by an irrelevant Arbitrator whose decision this Court refused to confirm, and indeed whose decision was effectively gutted by this Court's subsequent rulings on various dispositive motions filing in the

3

adversary proceeding with the Excelsior Parties.

5. As a result, Mr. Randazza requests that the Court order, once and for all, that the IAA entered in the Arbitration be vacated in full with prejudice, and that the Arbitration be dismissed with prejudice, with the Arbitrator restrained and enjoined from taking any and all other actions in the Arbitration whatsoever. Mr. Randazza further requests that he be awarded his reasonable attorney's fees and costs incurred in bringing and maintaining these OSC proceedings through to final decision.

Dated: July 26, 2018.

By:   /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

4