LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARC JOHN RANDAZZA,<br><br>　　　　　　　　Debtor. | Case No.: BK-S-15-14956-abl<br>Chapter 11<br><br>Confirmation Hearing:<br>Date:  November 7, 2018<br>Time:  1:30 p.m. |

**DECLARATION OF MARC JOHN RANDAZZA IN SUPPORT OF
CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION
AND FINAL APPROVAL OF DISCLOSURE STATEMENT**

I, Marc John Randazza, do hereby declare under penalty of perjury as follows:

1.　　I am over the age of eighteen and I have personal knowledge of the facts in this matter, except where stated upon information and belief, and if called to testify, I could and would testify to the following statements set forth herein.  I am the debtor and debtor in possession in the above-captioned bankruptcy case and make this Declaration in support of confirmation of my proposed *Chapter 11 Plan of Reorganization* (the "Plan") [ECF No. 269] and final approval of my accompany proposed *Disclosure Statement to Accompany Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [ECF No. 268].[1]

2.　　I am the manager of Randazza Legal Group and an attorney licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.  I focus my legal practice on litigating

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as in the Plan.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

First Amendment, trademark and copyright infringement, defamation, free speech, intellectual property and similar litigation.

### Update to the Disclosure Statement

3.     As an update to the Disclosure Statement, on October 10, 2018, the Nevada Supreme Court entered an order approving my Conditional Guilty Plea in the Nevada State Bar Disciplinary Proceeding in exchange for the agreed form of discipline as set forth in the Disclosure Statement.  See Disclosure Statement § V(B)(2); In re Marc Randazza, No. 76453, 2018 WL 5095812 (Nev. Oct. 10, 2018).  At the time the Disclosure Statement originally was filed, the matter was pending and the Nevada Supreme Court has not yet approved the Conditional Guilty Plea.  Since that time, however, the Court has approved it and thus it is final and thus the risk that that Court would not accept the proposal has been mitigated.  Accordingly, my professional discipline in Nevada has been finalized and will not interfere with my practice of law or my ability to perform under his Plan.  I do not know what other jurisdictions in which I am barred may do with respect to the decision.

### 11 U.S.C. § 1129(a)(1): Plan Compliance With the Bankruptcy Code

4.     Legitimate business or economic justifications exist for the separate classification of the claims in my proposed Plan, and the classifications were not done for impermissible "gerrymandering" for the sole purpose of obtaining acceptance of a class of creditors.  The Plan classifies his creditors into the following six (6) classes:  Class 1 (Specialized Loan Servicing Secured Claim), Class 2 (Other Secured Claims), Class 3 (Priority Non-Tax Claims), Class 4 (Excelsior Parties Claims); Class 5 (Jennifer Randazza Claims); Class 6 (General Unsecured Claims).  See Plan, Art. III.  In particular, the Plan has three (3) different classes of general unsecured claims:  Class 4 (Excelsior Parties Claims), Class 5 (Jennifer Randazza Claims), and Class 6 General Unsecured Claims.  There are legitimate business or economic justifications for the separate classification of Classes 4 and 5, separate and apart from the general "catchall" of general unsecured claims in Class 6 because Classes 4 and 5 represent claims provided for in negotiated settlement agreements with those claimants and because they both involve actual or

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2

potentially nondischargeable claims.[2]

5.      First, Class 4 (Excelsior Parties Claims) involves an effectuation and performance of settlement agreement that the Court approved post-petition, and after I had substantial and lengthy litigation with the Excelsior Parties, which settlement provided for my agreement that the settlement payments would be excepted from the discharge by consent.  See Disclosure Statement, pp. 6-10; Plan § 3.6.  Moreover, prior to that settlement, the Excelsior Parties had actually commenced substantial nondischargeability litigation against me pursuant to section 523(a)(2)(A), (4) and (6) of the Bankruptcy Code, which was actively and intensely litigated for some time.

6.      Second, Class 5 (Jennifer Randazza Claims) involves the claims of the my ex-spouse, Jennifer Randazza, who, although never having sued me for nondischargeability, may have had potential claims for such given her relationship with me and our having children together during the marriage.  See Disclosure Statement, p. 13; Plan § 3.7.  The proposed Randazza Marital Settlement Agreement as attached to my Disclosure Statement and sought to be approved as part of the plan confirmation proceedings resolves all claims with Jennifer Randazza, and was heavily negotiated in good faith and at arm's length between those parties.  Likewise, the fact that domestic support obligations are involved in the Randazza Marital Settlement Agreement, which may have some priority claims in part, is also a proper legal justification for the separate classification.

7.      By contrast, the General Unsecured Claims in the "remainder" class of Class 6 include all other remaining non-priority general unsecured claims, which are not parties to court-approved settlement agreements, and which claimants did not have potential nondischargeability arguments pursuant to section 523(a) of the Bankruptcy Code and involved in potential or actual significant and expensive litigation.  The foregoing are valid business or economic justifications for the separate classification of general unsecured claims proposed by the Plan.

### 11 U.S.C. § 1129(a)(2):  Proponent Compliance With the Bankruptcy Code

8.      To the best of my knowledge, I have complied with the applicable provisions of the

---

[2] Class 2 (Other Secured Claims) is vacant and thus is deemed eliminated pursuant to Plan § 3.9.

**LARSON ZIRZOW & KAPLAN, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Bankruptcy Code in proposing and soliciting votes on the Plan. Except as updated in the Confirmation Brief, the Disclosure Statement contains adequate and correct information that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. For example, the Disclosure Statement contains the information required by Official Form 25B, including: (a) a statement regarding my background pre-petition [Disclosure Statement § V]; (b) a discussion of the reason for the bankruptcy filing [id.]; (c) a summary of proceedings to date in the bankruptcy case [id.]; (d) a summary of assets [id. Ex. 3 (Liquidation Analysis)]; (e) a description of unclassified claims, including estimated amounts of administrative and priority claims [id. § III(B) and (E)]; (f) a description of claims by class, including an estimate of the amount of claims in each class as reflected by the schedules and proofs of claim on file [id. § III]; (g) a summary of the treatment of unclassified and classified claims under the proposed plan [id. § III]; (h) a discussion of the means of implementing the proposed plan [id. § VI(A)]; (i) a summary of risk factors [id. §§ V(B)(2) and VII]; (j) a discussion of the tax consequences of the proposed plan [id. § VIII(D)]; (k) a summary of the treatment of executory contracts under the proposed plan [id. § VI(B)]; (l) a liquidation analysis [id. Ex. 3]; and (m) a statement as to how the proponent intends to achieve the payments proposed [id. § V(H)]. In addition, the information contained in the Disclosure Statement contains adequate information pursuant to section 1125(a) of the Bankruptcy Code because it contains all of the information generally required by the case law applying that provision.

### 11 U.S.C. § 1129(a)(3): Good Faith

9.  The Plan is proposed in good faith and, to the best of my knowledge, not by any means forbidden by law. Although I am an attorney, I am not a bankruptcy attorney, and have relied upon the advice of my bankruptcy counsel regarding the legal rights and requirements for confirmation of a chapter 11 plan of reorganization.

10. The Plan is the final consummation of years of expensive and time-consuming litigation involving the Excelsior Parties, and also finally effectuates the difficult Randazza marital separation via Bankruptcy Court approval of the Randazza Marital Settlement Agreement. Further, the bankruptcy proceedings also provided a forum for the resolution of other disputes as

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

detailed in the Disclosure Statement, including with Clay Douglass, and provides for distributions or potential distributions to various other creditors. Moreover, there are no allegations in the case at hand evidencing the typical situations where courts have found a lack of good faith. Finally, the Plan does not, nor are there any allegations that the Plan somehow runs afoul of applicable state law.

### 11 U.S.C. § 1129(a)(7):  Best Interests Test

11.     Each holder of an impaired claim has either accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain under a chapter 7 case on such date.

12.     Of all the valid ballots received by holders of impaired claims voting on the Plan, only one (1)--American Express--voted to reject the Plan, which is a claim in Class 6 (General Unsecured Claims).  Moreover, Class 5 (Jennifer Randazza Claims) did not vote and thus is also deemed a non-acceptance as well.  Neither of these parties filed a timely written objection to confirmation of the Plan asserting that the Plan failed to meet the "best interest of creditors" test in section 1129(a)(7) of the Bankruptcy Code.  As my Liquidation Analysis demonstrates, Class 5 (Jennifer Randazza Claims) is not any worse off under the Plan as compared with a chapter 7 liquidation as the Plan seeks to approve the Randazza Marital Settlement Agreement providing for the full payment over time of her claims.  Likewise, the Liquidation Analysis demonstrates that the holders of claims in Class 6 (General Unsecured Claims) are no worse off under the Plan as compared with a chapter 7 liquidation, especially when factoring in the amount of potential priority claims owing to Mrs. Randazza, and the costs and expenses of a chapter 7 liquidation.

### 11 U.S.C. § 1129(a)(11):  Feasibility

13.     My Plan is feasible because it is workable and has a reasonable likelihood of success.  The Plan calls for me to fund the Plan by continuing to work at my law firm, Randazza Legal Group, and also, if necessary, to liquidate exempt assets.  My projected disposable income for his Plan projects sufficient income to satisfy most obligations, and to the extent of any shortfall, also reveals substantially exempt assets, including a $495,000 equity in a homestead, among other

exempt assets, that may be liquidated to provide for any remaining payments as may potential be needed.  See Disclosure Statement, Exs. 2 and 3.

### 11 U.S.C. § 1129(a)(14):  Current on Domestic Support Obligations

14.    I am current on all domestic support obligations owing pursuant to the Randazza Marital Settlement Agreement as of the date of the filing of this Declaration.

### 11 U.S.C. § 1129(a)(15):  Required Contributions for an Individual Debtor

15.    No holder of an allowed unsecured claim has filed a timely written objection to confirmation of the Plan on the grounds that it fails to comply with section 1129(a)(15) of the Bankruptcy Code, and thus this provision does not apply and/or has been waived.  Second, even to the extent a timely written objection to confirmation were filed raising an issue pursuant to section 1129(a)(15) of the Bankruptcy Code by a creditor holding an impaired allowed unsecured claim, the Plan provides in that case for the required recovery as proven up by its projected disposable income calculation, which shows $0.00 projected disposable income, as well as the Liquidation Analysis.  See Plan § 3.8.2; Disclosure Statement, Exs. 2 and 3.

### 11 U.S.C. § 1129(d):  Plan Does Not Have an Improper Purpose

16.    The primary purpose of the Plan is not the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933.

### 11 U.S.C. § 1129(b):  The Plan May be Crammed Down on Class 4

17.    The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Mrs. Randazza as the holder of the Class 5 (Jennifer Randazza Claims) did not vote on the Plan either way, which under applicable caselaw is deemed to not be an acceptance.

18.    The Plan does not unfairly discriminate as to Class 5 (Jennifer Randazza Claims) because her claims are different in rank, in whole or in part, from other general (non-priority) unsecured creditor classes because, unlike such other classes (which have all voted in favor of the Plan), she holds priority claims pursuant to section 507(a)(1) of the Bankruptcy Code, and, at least unlike Class 6 (General Unsecured Claims), she potentially holds nondischargeable claims pursuant to sections 523(a)(5) of the Bankruptcy Code.  See Plan § 1.1.44 (definition of Jennifer

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Randazza Claims under the Plan).  Given such different priorities or "rank," it is not unfairly discriminatory to place Class 5 (Jennifer Randazza Claims), separate and apart from other general (non-priority) unsecured creditors like Classes 4 and 6.  Moreover, Classes 4 and 6 have not objected to the Plan, and in fact have voted to accept the Plan.

19.    The Plan is "fair and equitable" because it provides that Jennifer Randazza Claims will be paid fully consistent with the Randazza Marital Settlement Agreement, which is the only allowed claim she holds.  See Plan § 3.7.2.

20.    Likewise, and in the alternative, the Plan's treatment of Class 5 also is "fair and equitable" because no junior class of creditors, which in this case could arguably be Class 6 (General Unsecured Claims), receives or retains anything under the Plan as currently proposed since no creditors in that class have filed a timely filed a written objection to confirmation raising any issue with respect to section 1129(a)(15) of the Bankruptcy Code.  See Plan § 3.8.2.  Because the treatment of Class 5 under the Plan complies with the absolute priority rule by paying a priority claimant like Jennifer Randazza under section 507 before any potential payment to general unsecured (non-priority) creditors like in Class 6, the Plan is also fair and equitable as to Class 5 as well.

**Approval of the Randazza Marital Settlement Agreement**

21.    The  Plan includes within it the negotiated Randazza Marital Settlement Agreement in order to finalize the divorce and related domestic support obligations between my ex-wife and me.  See Plan §§ 1.1.43, 1.1.44, 3.7, and 10.6; Disclosure Statement, p. 13 and Ex. 4.

22.    As a result of various disputes and differences, my wife and I chose to live separate and apart from one another.  On November 30, 2017, my wife and I entered into a Marital Settlement Agreement, as later amended on December 8, 2017, and again on May 24, 2018 (collectively, the "Randazza Marital Settlement Agreement").  This Agreement provides for a full and final adjustment of their property rights, interests and claims against each other, including all issues regarding the case and custody of our two minor children, as well as the support and maintenance of the parties, with each party releasing and forever discharging the other, subject to court approval of the agreement.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

23. The principal terms of the Randazza Marital Settlement Agreement that are relevant to this Chapter 11 Case, including the following:[3] (a) my ex-wife and I will share joint physical custody on an equal time share basis of our two minor children; (b) I am to pay $2,230.00 per month as child support, among other health and medical obligations, until the children turn eighteen; (c) as alimony, my ex-wife is to receive $2,000.00 per month for the first 12 months, then $1,500.00 per month for the next 12 months, then $1,000.00 per month for the 12 months after that, subject to potential reduction, and other terms and conditions; (d) we also engaged in an equitable split of our remaining property.

24. On December 26, 2017, my ex-wife and I submitted a *Joint Petition for Summary Decree of Divorce* to the Family Court of the Eight Judicial District Court, Clark County, Nevada, and on December 29, 2017, that Court entered a *Decree of Divorce*. The final approval of the Randazza Marital Settlement Agreement remains subject to approval of the Bankruptcy Court as part of the confirmation of the Plan.

25. First, analyzing the probability of success involves an analysis of each side's claims and potential remedies. My ex-wife and I were married and had several children together during the marriage, and thus as a result of the termination of the marriage and my ex-wife being a stay-at-home caregiver as well as a full-time student who recently graduated from law school, the claims at issue certainly involve domestic support obligations, which I am advised are nondischargeable in my bankruptcy case. At the outset of the Chapter 11 Case, my ex-wife and I remained married, however, over the course of the more than three (3) year course of the case, substantial irreconcilable differences arose such that the claims arose post-petition, and indeed only in the last year and a half approximately, and thus after any bar date for claims and/or deadline to file any nondischargeability adversary, to the extent one would even be required in the first place. Accordingly, my ex-wife's claims for at least some amount of alimony, maintenance and support are undoubtedly very strong as a matter of Nevada law and the Bankruptcy Code.

---

[3] For the avoidance of doubt, this is only a generally summary, and is qualified in its entirety by the terms and conditions of the Randazza Marital Settlement Agreement. Nothing herein is intended or should be construed as an alteration or modification to the document itself.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

26.     Second, I am obviously presently a debtor in bankruptcy, and thus there would be difficulties in collecting any sum.  Accordingly, the difficulties in collection also strongly favor approval of the Randazza Marital Settlement Agreement, which represents the parties best efforts to negotiate a fair and equitable resolution of this difficult marital separation, and the payments over time from future earnings as I, as a reorganized debtor, will continue to work at my law practice in order to make certain payments as required.

27.     Third, at all relevant times in negotiating the Randazza Marital Settlement Agreement, each side was represented by their own separate, experienced divorce counsel, and their agreement was negotiated in good faith and at arm's length in order to avoid a costly, expensive, time-consuming, and ultimately counter-productive contested divorce proceeding.  The litigation of the Randazza marital dissolution and property settlement would be complex, expensive, time consuming, and result in significant delays, and could have potentially delayed further my emergence from chapter 11 given the claims at issue.  The issues could have included may have included difficult and uncertain matters such as what my partial interest in my law practice is worth, matters of sole versus joint custody of our two minor children, the proper amount of alimony and support due and owing given the length of the marriage, and other issues incident to the division of their property, including what was properly my ex-wife's sole and separate property (and thus not property of my bankruptcy estate).

28.     Finally, the proposed Randazza Marital Settlement Agreement is in the best interest of the creditors because it fully and finally resolves the Jennifer Randazza Claims, thus resolving one of the largest remaining claims in my Chapter 11 Case, and thus allowing the case to proceed to plan confirmation.  Without a resolution of the Jennifer Randazza Claims, they could have been a significant impediment to confirmation and/or at least a delay in its consummation and effectuation.  In sum, the Settlement Agreement is in the best interest of all creditors of the estate in allowing it to move forward to a final conclusion and without any further interference or delay.

. . .

. . .

. . .

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  October 30, 2018.

_/s/ Marc J. Randazza_
MARC JOHN RANDAZZA

**LARSON ZIRZOW & KAPLAN, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169