LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail:  zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail:  mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>MARC JOHN RANDAZZA,<br><br>Debtor. | Case No: BK-S-15-14956-abl<br>Chapter 11<br><br>Date:   December 19, 2018<br>Time:   1:30 p.m.<br>Courtroom 1 |
|---|---|

**DECLARATION OF TRACY L. COENEN IN SUPPORT OF SECOND AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED BY OF SEQUENCE, INC. AS ACCOUNTANTS FOR DEBTOR**

I, Tracy L. Coenen, hereby declare as follows:

1. I am over the age of 18 and am mentally competent.  I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.  I make this declaration in support of the *Second and Final Fee Application for Allowance of Compensation for Services Rendered by Sequence, Inc. as Accountant for Debtor* (the "Application").  Unless otherwise indicated, all capitalized terms herein shall have the same meaning as ascribed to them in the Application.  I am a Certified Public Accountant licensed to practice in the State of Wisconsin and Illinois.  I am also the shareholder of Sequence, Inc., 310 East Buffalo Street, Milwaukee, WI 53202.

2. The Application is the second and final fee application for allowance of compensation filed by Sequence in this Chapter 11 Case.  This Application covers the thirty one

(31) month period from April 2016 through October 2018 (the "Compensation Period"). In this Application, Sequence requests allowance of total compensation for the Compensation Period of $15,500.00 for services rendered, plus final allowance of all sums for the entire Chapter 11 Case.

3.   In Sequence's original retention application, the Debtor anticipated that the total cost for Sequence's engagement would be no more than $500.00 per month, exclusive of any travel time or fees incurred in connection with court testimony that may be provided by Sequence. There were no travel fees, fees for court testimony, or expenses incurred by Sequence during the entire Chapter 11 Case, and thus this Application only seeks the allowance and payment of the minimum anticipated amount pf $500.00 per month.

4.   **Exhibit 1** attached to the Application identifies and provides chronologically for the Compensation Period the months on which Sequence performed the professional services for the Debtor. No specific daily descriptions of the services Sequence performed is provided, however, because the retention is small and is consistent with the engagement as previously approved by the Court. Specifically, during the Compensation Period, Sequence spent time reviewing the Debtor's financial statements, preparing reconciliation reports, communicating with Debtor and Debtor's counsel, and preparing the monthly operating reports.

5.   Sequence's requested professional compensation during the Compensation Period is fair and reasonable under the circumstances of this case and its work for the Debtor and the estate therein. Sequence brings a level of expertise and experience, having worked with the Debtor pre-petition, which inured to the benefit of Debtor and his estate.

6.   The professional services performed by Sequence were necessary and appropriate to the administration of the Chapter 11 Case, and were in the best interests of the Debtor, the estate, creditors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expeditiously, thoroughly, and in an efficient manner. Sequence's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive market.

7.  Sequence has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which Sequence is seeking compensation and reimbursement as set forth in this Application, except as permitted by section 504(b)(1) of the Bankruptcy Code.  The professional fees for services rendered are reasonable, actual and necessary under the circumstances of this Chapter 11 Case and therefore should be allowed.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated:  November 14, 2018.

       /s/ Tracy L. Coenen
TRACY L. COENEN, CPA, CFF