LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| In re: | Case No.: BK-S-15-14956-abl |
|---|---|
| MARC JOHN RANDAZZA, | Chapter 11 |
| Debtor. | Date: March 20, 2019<br>Time: 1:30 p.m. |

**MOTION FOR: (I) ISSUANCE OF A DISCHARGE IN AN INDIVIDUAL CHAPTER 11 CASE, AND (II) FOR FINAL DECREE AND ORDER CLOSING CASE**

Reorganized Debtor, Marc John Randazza (the "Debtor"), submits his motion (the "Motion") seeking the issuance of a discharge in his individual chapter 11 bankruptcy case, and thereafter, the entry of a final decree and order closing his bankruptcy case. This Motion is supported by the *Declaration of Marc John Randazza* (the "Randazza Declaration") filed in support, the papers and pleadings on file herein, judicial notice of which are respectfully requested, and any arguments of counsel made at the time of any hearings on this Motion.

. . .

. . .

. . .

1

**Jurisdiction and Venue**

1. On August 28, 2015 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing his individual bankruptcy case (the "Chapter 11 Case"). The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge as to the matters set forth herein. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**Statement of Facts**

2. On September 13, 2018, the Debtor filed his proposed *Chapter 11 Plan of Reorganization* (as amended, the "Plan") [ECF No. 269], and his proposed accompanying disclosure statement [ECF No. 268].[1]

3. On September 17, 2018, the Court entered an *Order Granting Debtor's Ex Parte Motion for Order Pursuant to 11 U.S.C. § 105(d)(2)(B) and Local Rule 3017: (I) Granting Conditional Approval of the [Proposed] Disclosure Statement, et al.* [ECF No. 274].

4. On November 13, 2018, the Court entered an *Order Confirming Debtor's Chapter 11 Plan of Reorganization, and Approving Disclosure Statement to Accompany Chapter 11 Pklan on a Final Basis* (the "Confirmation Order") [ECF No. 300]. The Confirmation Order is now a final and fully effective order.

5. The Debtor's Plan provides for one (1) class of secured claims, Class 1 (Specialized Loan Servicing Claim), and the following three (3) classes of unsecured claims: Class 4 (Excelsior Parties Claims), Class 5 (Jennifer Randazza Claims), and Class 6 (General Unsecured Claims). See Plan Article III. Class 2 (Other Secured Claims) and Class 3 (Priority Non-Tax Claims) were vacant and thus eliminated under the terms of the Plan. See Plan § 3.9.

6. The Debtor's sole secured claim (Class 1) encumbered his single family house located at 10955 Iris Canyon Lane, Las Vegas, Nevada 89135. The Debtor has a long term

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Plan.

LARSON ZIRZOW & KAPLAN, LLC
850 E Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  mortgage on this property, and the terms of his confirmed Plan propose that this claim remain
2  unimpaired and subject to the repayment terms of the original loan obligations. The Debtor has
3  continued making all payments for this claim and there is an ample equity cushion in the property
4  of in excess of $400,000 or more, which value the Debtor exempted as part of his bankruptcy case.

5      7.    The Debtor's Plan also provides that Class 4 (Excelsior Parties Claims) be paid in
6  accordance with the Excelsior Settlement Agreement, see Plan § 3.6, which was approved by the
7  Bankruptcy Court per an order entered on February 14, 2018 [ECF No. 219], and which provided
8  for total payments of $40,000. The Debtor has since paid all sums due and owing under the
9  Excelsior Settlement Agreement in full.

10     8.    The Debtor's Plan also provides that Class 5 (Jennifer Randazza Claims) be paid
11 pursuant to the Randazza Marital Settlement Documents. See Plan §§ 3.7 and 10.6. These
12 documents included the Marital Settlement Agreement by and between the Debtor and his ex-
13 spouse, Jennifer Randazza, dated as of November 30, 2017, as may be amended and corrected
14 from time to time, including the Addendums dated as of December 8, 2017 and May 24, 2018, as
15 well as any further amendments to the foregoing that those parties shall mutually agree to and both
16 execute from time to time. See ECF No. 268, Ex. 4; Plan § 1.1.61. The Plan provides that
17 "Confirmation of this Plan shall not alter, amend or impair the terms, conditions, rights,
18 obligations, claims and responsibilities of the Debtor and Jennifer Randazza pursuant to the
19 Randazza Marital Settlement Documents, and those documents are incorporated in full into this
20 Plan by reference." Plan § 3.7.2. The Randazza Marital Settlement Documents require both the
21 payment of some shorter term obligations, but also contemplate various long term payments
22 including, in particular, child support for their minor children for at least another decade, and until
23 they reach the age of majority. The Debtor is current on all obligations under the Randazza Marital
24 Settlement Documents, and, for the avoidance of doubt, acknowledges that the entry of his
25 discharge does not discharge any obligations he has going forward under the Randazza Marital
26 Settlement Documents.

27     9.    The Debtor's Plan further provides that Class 6 (General Unsecured Claims) be
28

treated as follows:

> Holders of Class 6 Allowed General Unsecured Claims may receive, in full satisfaction of their Allowed Claims, their Pro Rata share of the Debtor's monthly plan payments, if and only to the extent payments are made pursuant to the Plan pursuant to section 1129(a)(15) of the Bankruptcy Code. The Debtor does not anticipate making payments to General Unsecured Creditors in Class 6 of the Plan unless the Holder of an Allowed General Unsecured Claim files an objection to this Plan pursuant to section 1129(a)(15) of the Bankruptcy Code. If a Holder of an Allowed General Unsecured Claim in Class 6 Files a timely written objection to Confirmation of the Plan and pursuant to section 1129(a)(15) of the Bankruptcy Code, then the Debtor will either, at his option and in his sole and absolute discretion: (a) pay in full the Allowed General Unsecured Claim from funds that are not property of the Estate, or (b) make payments of his Projected Disposable Income beginning by no later than the first day of the month of the second month following the Effective Date of the Plan, and continuing each and every months thereafter for a period of five (5) years, which funds, if any, shall be distributed Pro Rata to all Holders of Allowed General Unsecured Claims.

Plan § 3.8.2. No timely written objection to confirmation of the Debtor's Plan pursuant to section 1129(a)(15) of the Bankruptcy Code was received and thus no payments are due to any Holders of claims in Class 6.

10. On November 28, 2018, the Debtor filed his *Notice of: (I) Occurrence of Effective Date of Debtor's Chapter 11 Plan of Reorganization; and (II) Bar Date for Filing Applications for Allowance of Administrative Claims* [ECF No. 316]. A copy of which is attached hereto as **Exhibit "1"**. No applications for the allowance of any administrative claims were filed except for several applications for the allowance of professional fees and costs for the Debtor's professionals, which were all granted by the Court [ECF Nos. 284, 307, 314, and 302].

11. Since the Effective Date of his Plan, the Debtor has made all payments required by his Plan to date, including the payment in full of all obligations under the Excelsior Settlement Agreement, and the only remaining payments are on long term secured mortgage debt and long term obligations under the Randazza Marital Settlement Documents.

12. The Debtor did not exempt any property that would invoke section 522(q)(1) of the

Bankruptcy Code. There are no pending proceedings in which the Debtor may be found: (i) guilty of a felony, or (ii) liable for a debt of the kind described by section 522(q)(1)(B).

13. On January 25, 2019, the Debtor filed his *Certificate of Compliance* per NVB Form 3022.1 [ECF No. 319], and served a negative notice thereof as required [ECF No. 320]. No creditor or party in interest filed any objection to the foregoing.

## Legal Argument

**A.    Discharge.**

14. Section 1141(d)(5)(A) of the Bankruptcy Code provides that "unless after notice and a hearing the court orders otherwise for cause, confirmation of a plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." 11 U.S.C. § 1141(d)(5)(A). This section provides no guidance or examples of what might constitute cause for granting a discharge prior to completion of all plan payments, however, courts have considered such factors as the assurance, in the form of collateral, that creditors will receive the amounts they have been promised even if the plan payments are not made, the value of the property as compared with the amount of the debt secured thereby, and a debtor's income and its reliability. See In re Sheridan, 391 B.R. 287, 290 & n.3 (Bankr. E.D.N.C. 2008).

15. As previously noted, the Debtor has made all payments as required under his Plan to date, and the only remaining payments are to Class 1 (Specialized Loan Servicing Claim), which is a long term secured mortgage obligation that was unimpaired under the Plan, and various obligations owing to his ex-spouse per Class 5 (Jennifer Randazza Claims), most of which are long term obligations such as child support, and for which the Debtor acknowledges he remains fully responsible. Notwithstanding such future payments, the Debtor asserts that he is entitled to a discharge for cause because such remaining payments are long-term obligations, he has made all payments to date, he has maintained all property insurance and real property taxes on the property to date, and there is an ample equity cushion of hundreds of thousands of dollars in the property in any event, thus providing the lender with ample adequate protection. Likewise, as to the obligations owing to the Debtor's ex-spouse and his minor children, the Debtor is current and, in

LARSON ZIRZOW & KAPLAN, LLC
850 E Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

any event, acknowledges that his discharge does not impact his obligations to continue paying all sums due and owing under the Randazza Marital Settlement Documents. Additionally, no objection has been filed by any creditor or party in interest to the Debtor's Certificate of Compliance.

16. Finally, the Debtor also satisfies section 1141(d)(5)(C) of the Bankruptcy Code because there is no reasonable cause to believe that section 522(q)(1) of the Bankruptcy Code may be applicable to the Debtor; and there is not pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B). Accordingly, the Debtor satisfies the requirements of section 1141(d)(5)(B) and (C) for the entry of a discharge.

**B.    Case Closure and Final Decree.**

17. Both section 350(a) of the Bankruptcy Code and Fed. R. Bankr. P. 3022 require that a bankruptcy case "shall" be closed upon it being "fully administered." 11 U.S.C. § 350(a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case.") (emphasis added); Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.") (emphasis added); Fed. R. Bankr. P. 3022 advisory committee note ("Section 350 of the Code requires the court to close the case after the estate is fully administered and the trustee has been discharged.") (emphasis added) [hereinafter, the "Advisory Notes"]; see also LR 3022 and 3022.1.

18. The Bankruptcy Code does not define "fully administered," however, the Advisory Notes provide the following guidance:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor

under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. . . .

Fed. R. Bankr. P. 3022 advisory committee's note (1991 amendment).

19. In applying the six (6) factors articulated in the Advisory Notes, courts have noted that "[t]he nature of these considerations calls for a flexible, case-by-case evaluation of a number of procedural and practical factors." In re Johnson, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (citing In re Union Home & Indus., Inc., 375 B.R. 917, 917 (B.A.P. 10th Cir. 2007)). Further, the factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors before the court may find a case to be fully administered and enter a final decree. See Union Home & Indus., Inc., 375 B.R. at 917.

20. Applying the six (6) factors to the case at hand clearly indicates that the Debtor's Chapter 11 Case should be closed. First, the Confirmation Order is final. Second, all payments required under the Plan have been made except for certain long-term obligations. Third, as of the time of the hearing on this Motion, all property to be transferred under the Plan, save and except for continuing payments on long term obligations, will have been transferred. Fourth, the Debtor has assumed the business or the management of the business dealt with by the Plan. Fifth, distributions under the Plan have commenced. Sixth, all motions, contested matters, and adversary proceedings have been finally resolved. As a result, good cause exists to enter a final decree and order closing this Chapter 11 Case, and to avoid the Debtor having to incur further U.S. Trustee fees and costs complying with the post-confirmation reporting obligations, which are unnecessary at this point.

. . .

. . .

. . .

7

## Conclusion

WHEREFORE, the Debtor requests the issuance of a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code in his Chapter 11 Case, and further requests that his Chapter 11 Case thereafter be closed and a final decree entered. The Debtor also request such other and further relief as is just and proper.

Dated: February 11, 2019.

By:   /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Reorganized Debtor